IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BAKARI H. GLYMPH-DOZIER and SOLOMON HILL, on behalf of themselves and all other similarly situated persons, | ) ) ) | |
| | ) | COMPLAINT |
| Plaintiffs, | ) ) | |
| | ) | CLASS ACTION |
| v. | ) | |
| | ) | COLLECTIVE ACTION |
| GRAPEVINE OF NORTH CAROLINA, INC. d/b/a | ) | 29 U.S.C. § 216(b) |
| GRAPEVINE DISTRIBUTORS OF THE | ) | |
| CAROLINAS, and SCOTT A. COHEN, | ) | Civil Action No.: |
| , | ) | 1:21-cv-748 |
| Defendants. | ) | |
| | ) | |

I.   <u>PRELIMINARY STATEMENT</u>

1.      This is a collective action by named plaintiffs Bakari H. Glymph-Dozier

("Dozier") and Solomon Hill ("Hill") based upon the defendants' failure to pay wages at the

overtime rate required by 29 U.S.C. § 216(b) of the Fair Labor Standards Act ("FLSA") for

all persons employed for more than 40 hours in the same workweek by the defendants to

drive in whole or in part small vehicles with a gross vehicle weight rating ("GVWR") of

less than 10,000 pounds to deliver wine products to the defendants' customers in North

Carolina and South Carolina.

2.      It is also a class action under N.C.Gen.Stat. §§ 95-25.6, 95-25.13(1)-(2), and

95-25.22(a)-(a1) and 95-25.22(d) of the NC Wage and Hour Act ("NCWHA") based upon

the defendants' failure to keep the promise it made in Sections 206 and 802 of the

defendants' March 2017 Employee Handbook to the named plaintiffs and all those

employees who were subject to federal overtime provisions to pay all promised wages when

due them for each workweek longer than forty hours at one and one-half times their regular rate for any hours worked in excess of 40 in the same workweek in North Carolina.

3.       The named plaintiffs also bring a second class action claim under the NCWHA based upon the defendants' failure to pay wages when due for work performed in North Carolina to the named plaintiffs and the co-workers they seek to represent that occurred through the defendants' practice of making unauthorized wage deductions for the cost of providing the employer-required company uniform and additional wage deductions for the alleged loss or damage to the defendants' property without the advance written notice required to the plaintiffs and the employees they seek to represent and for damage to the defendants' property even though it had been handled carefully and not deliberately destroyed in violation of N.C.Gen.Stat. §§ 95-25.6, 95-25.8(a), and 95-25.8(c).

4.       Named plaintiff Hill also brings a third class action claim under the South Carolina Wage Payment Act ("SCPWA"), S.C. Code Ann. §§ 41-10-10 et seq., based upon the defendants' failure to pay all amounts at which labor rendered was, is, and will be recompensed which were, are or will be due to plaintiff Hill and the employees that he seeks to represent under the employer policy or employment contract that the defendants disclosed in Sections 206 and 802 of the defendants' March 2017 Employee Handbook to named plaintiff Hill and all those employees who were subject to federal overtime provisions with regard to the wages that were or will be due them for each workweek longer than forty hours at one and one-half times their regular rate for any hours worked in excess of 40 in the same workweek in South Carolina.

2

## II. JURISDICTION

5.     Jurisdiction is conferred upon this Court over the subject matter of this claim, and against the corporate defendant named in the Complaint pursuant to pursuant to N.C.Gen.Stat. §§ 1-75.4(1)c.-d. and 1-75.4(5)a., 28 U.S.C. §§ 1331, 1337, and 1367(a), and 29 U.S.C. § 216(b).

6.     Jurisdiction is conferred upon this Court over the subject matter of matter of this claim against the individual defendant Scott A. Cohen ("Cohen") pursuant to N.C.Gen.Stat. §§ 1-75.4(1)d. and 1-75.4(5)a., 28 U.S.C. §§ 1331, 1337, and 1367(a), and 29 U.S.C. § 216(b). As the President of GNC for both North Carolina and South Carolina and, upon information belief, part owner of GNC, upon information and belief, acting from and in his office or other location(s) in South Carolina, defendant Scott A. Cohen directly and personally determined and promised to apply the wage practices that were and are required by the FLSA and the NCWHA for the hours worked in North Carolina and South Carolina by one or both of the Plaintiffs and the employees that they seek to represent the violation of which are complained of in this Complaint including, but not limited to, the promise to pay promised wages to the named Plaintiffs and the co-workers that he seeks to represent for their work in North Carolina and/or South Carolina.

## III. VENUE

7.     Based in material part on the facts alleged in ¶¶4-5 above, venue over this action lies in this Court pursuant to 28 U.S.C. §§1391(b) and 1391(c), and 29 U.S.C.

3

Section 216(b). At all times relevant to this action and as of the date this action was filed, the principal office of and office of the registered agent for service of process on defendant Grapevine of North Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas ("GNC") was and is located in Cabarrus County, North Carolina. At all times relevant to this action defendant GNC conducted and continues to conduct regular and substantial business activities in North Carolina from GNC's only North Carolina office and warehouse located at 4375 Republic Court NW, Concord, NC 28027, and in a substantial number of other counties which fall within the jurisdiction of this court making GNC subject to the personal jurisdiction of this court at the time this action was commenced. In addition, defendants GNC and Cohen had another office in Mt. Pleasant, South Carolina and facility in Columbia, South Carolina from which they directed and controlled the events and omissions that give rise to the claim of one or both of the named Plaintiffs and the employees they seek to represent for the work that they performed in South Carolina. A substantial part of the events and omissions that give rise to the claim of the named Plaintiffs and the employees that they seek to represent occurred in on or more counties that are listed in 28 U.S.C.§113(b) and §121.

## IV.   NAMED PLAINTIFFS

8.     Both named plaintiffs reside in Mecklenburg County, North Carolina. As part of their regular jobs for GNC and Cohen, GNC and Cohen suffered or permitted the named plaintiffs and other similarly situated delivery drivers to drive a mixed fleet of vehicles consisting of vehicles most of which had weighed less than 10,000 pounds with a

gross vehicle weight rating ("GVWR") of less than 10,000 pounds which were not designed or used to transport 8 passengers or less (including the driver)(hereinafter referred to as "smaller vehicles") for the following time periods:

(a)     For plaintiff Bakari H. Glymph-Dozier (hereinafter referred to as "Dozier"), for the entire time period starting with on or about November 9, 2019 and ending on or about March 20, 2021.

(b)     For plaintiff Solomon Hill (hereinafter referred to as "Hill"), for the entire time period starting in or about June 2019 and ending in or about the end of January 2020.

9.     As a part of their regular jobs in the time periods described in ¶8(a)-(b) above, the defendants assigned plaintiffs Dozier and Hill to spend and those same plaintiffs did spend more than 25% of their respective driving times as a delivery driver of wine products for the defendants to grocery stores and other retail outlets for wine products driving a Chevrolet Express 250 cargo van or Chevrolet Highroof RAM ProMaster 2500 cargo van that the defendants furnished and assigned them to drive with a gross vehicle weight rating ("GVWR") of less than 10,000 pounds that was not designed or used to transport 8 passengers or less (including the driver) in the following locations during the following time periods:

(a)     For plaintiff Dozier, primarily in Cabarrus County, Guilford County, Rowan County, Davidson County, and in other counties listed in 28 U.S.C. § 113(b) with some delivery driving work in other counties located in the State of North Carolina that are listed in 28 U.S.C. § 113(a) for the entire time period described in ¶8(a) above.

5

(b)     For plaintiff Hill, for approximately three consecutive workweeks during the first part of the time period described in ¶8(b) above, in and around Dorchester County, Berkeley County, Charleston County, Richland County, and Lexington County, South Carolina, and

(c)     For plaintiff Hill, with the exception of the three week time period described in ¶9(b) above, for the entire time period described in ¶¶8(b) above, in and around Cabarrus County, Catawba County, and Watauga County, North Carolina.

9A.     For plaintiff Hill:

(a)     For all of the workweeks described in ¶9(b) above, the defendants jointly and severally employed him to drive and deliver wine products for well in excess of 40 hours per workweek, and

(b)     For at least 25% of the workweeks described in ¶9(c) above, the defendants jointly and severally employed him to drive and deliver wine products for well in excess of 40 hours per workweek.

V.     DEFENDANTS

10.     On May 21, 1991, defendant Grapevine of North Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas (hereinafter referred to as "GNC") was incorporated and continues to exist as a closely held, for profit, corporation owned by members of the Betty J. and Joel Cohen family and their children that was and is organized under the laws of the state of North Carolina for the purpose of selling wine and servicing accounts as a state-wide distributor to retailers in North Carolina and then covering both North

6

and South Carolina. It is today, by far, the largest full-service distributor selling wine and servicing accounts across both the Carolinas.

11.     At all times going back to the date falling three years immediately before the date this action was filed and continuing through the date judgment is entered in this action, the defendants suffered or permitted and will continue to suffer and permit the named plaintiffs and/or at least some of the driver employees they seek to represent to regularly to provide that wine and wine product delivery services within and without Cabarrus County, Guilford County, Rowan County, Davidson County, and in other counties both within those listed in 28 U.S.C. § 113(b) and in other counties located in the States of North Carolina and South Carolina.

12.     Since at least October 1, 2016, Betty J. Cohen, the CEO of GNC, her spouse and CFO of GNC, Joel Cohen, and their son Scott A. Cohen, President of both the North Carolina and South Carolina business operations of GNC, respectively, have been and continue to be the owner-operators of GNC.

13.     At all times relevant to this action, the defendants agreed to pay to the named plaintiffs Dozier and Hill and the defendants' employees that they seek to represent the promised wages described in Sections 206 and 802 of the defendants' March 2017 Employee Handbook to the named plaintiffs and all those employees who were subject to federal overtime provisions when they were or will be due them on their regular weekly payday for each workweek longer than forty hours at one and one-half times their regular rate for any hours worked in excess of 40 in the same workweek that was or will be

7

performed in North Carolina.

13A. At all times relevant to this action, the defendants agreed to pay to named plaintiff Hill and the defendants' employees that he seeks to represent all amounts at which labor rendered was, is, and will be recompensed which were, are or will be due to plaintiff Hill and those same employees under the employer policy or employment contract that the defendants disclosed in the attached copy of Sections 206 and 802 of the defendants' March 2017 Employee Handbook to named plaintiff Hill and all those employees who were subject to federal overtime provisions with regard to the wages that were or will be due them for each workweek longer than forty hours at one and one-half times their regular rate for any hours worked in excess of 40 in the same workweek for work performed in South Carolina.

14. Again at all times in those same time periods, defendant Scott A. Cohen had and exercised the authority on a day to day basis to:

(a) Determine GNC's employment practices and policies with regard to promised wages for the named plaintiffs and the other delivery driver employees that he seeks to represent for the work they performed in South Carolina and/or North Carolina, including, but not limited to, all amounts at which labor rendered was, is, and will be recompensed which were, are or will be due to the plaintiffs and those same employees under the employer policy or employment contract that the defendants disclosed in Sections 206 and 802 of the defendants' March 2017 Employee Handbook, and that those amounts would be paid on a weekly basis on a regular weekly payday.

(b)     Determine whether and, if so, on what basis GNC would pay any extra pay per hour to the named plaintiffs and the other delivery driver employees they seek to represent when the named plaintiffs and those delivery driver employees worked more than 40 hours in the same workweek in North Carolina and/or South Carolina.

(c)     Determine whether the named plaintiffs and the delivery drivers they seek to represent would be assigned to drive vehicles in North Carolina and/or South Carolina with a gross vehicle weight rating (GVWR) of more or less than 10,000 pounds.

(d)     Determine whether and on what basis GNC would count as hours worked the time that the named plaintiffs and the other delivery driver employees that the named plaintiffs seek to represent were engaged in activities other than actual driving in North Carolina and/or South Carolina when the was necessarily required to be on the employer's premises, on duty or at a prescribed work place.

(e)     Determine when, how, and on what basis to take any disciplinary action with the named Plaintiffs and the delivery drivers they seek to represent or to begin or terminate the employment of the named Plaintiffs and any other delivery driver that GNC employed or suffered to permitted to work for GNC in North Carolina and/or South Carolina.

(f)     Determine what information was made available to the plaintiffs and the employees in North Carolina and/or South Carolina that they seek to represent in writing or through a posted notice maintained in a place accessible to

the employees of GNC as to the employment practices and policies with regard to promised wages.

15.     At the time that this action was filed and through the date that it was served on defendant GNC, the registered agent for service of process on GNC was and is Betty J. Cohen, 4375 Republic Court NW, Concord, North Carolina 28027-7718, the spouse of Joel Cohen.

16.     During each of the four chronological years immediately preceding the date on which this action was filed and for all of the time periods described in ¶¶8-14 above, and in ¶¶17-19, 26, 33, and 41-45, below, upon information and belief, the named plaintiffs and the employees that they seek to represent were and will be employed in an enterprise that was and will be owned and operated by one or more of the defendants that:

(a)     had and has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by some person or entity other than the defendants, and

(b)     is and for each chronological year starting with October 1, 2016 and continuing through the present date, was an enterprise whose annual gross volume of sales made or business done is and was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

VI.     <u>FLSA STATUTORY CLASS ACTION ALLEGATIONS</u>

17.     The named plaintiffs maintain this collective action against all of the

10

defendants, jointly and severally, for and on behalf of themselves and all other similarly situated current and/or former joint employees of the defendants who jointly and severally employed them and those other similarly situated persons to perform hours worked in excess of 40 hours in the same workweek in the delivery driving in whole or in part smaller vehicles and, and in some cases, larger vehicles in a mixed fleet of vehicles that the defendants furnished and assigned to the named plaintiffs and those similarly situated employees to provide delivery services of wine products to the defendants' customers in North Carolina and/or South Carolina as part of their regular jobs when the named plaintiffs and those similarly situated employees were or will not be paid at the overtime rate required by 29 U.S.C. § 207(a)(1) for all hours worked over 40 in the same workweek.

18.     The time period and employees covered by the collective action alleged in ¶17 above is for each workweek ending in the three chronological years immediately preceding the date on which this action was filed and continuing thereafter ending on the date final judgment in this action is entered by a U.S. District Court pursuant to the statutory class action procedure specified at 29 U.S.C. §216(b) for each such similarly situated current and/or former employee of the defendants in that same time period who files, will file, or who has filed a written consent to be a party to this action that is required by 29 U.S.C. §216(b) within the applicable statute of limitation(s) for any such workweek.

VII.    <u>FIRST RULE 23(b)(3) CLASS (NCWHA §§ 95-25.6 & 95-25.13(1)-(2))</u>

19.     The named plaintiffs seek to represent a class of persons under Rule 23(b)(3), Fed. R. Civ. P., for back wages and liquidated damages under N.C. Gen. Stat. §§

95-25.2(16), 95-25.6, 95-25.13(1)-(2), and 95-25.22, and 13 NCAC Tit. 12 §§ .0803 and .0805(a)-(b) that consists of the named plaintiffs and all other similarly situated current and/or former persons whom the defendants jointly and severally employed in the defendants' enterprise described in ¶¶8-16 above and to whom one or more of the defendants disclosed that they would pay the promised wages described in Sections 206 and 802 of the defendants' March 2017 Employee Handbook to the named plaintiffs and all those employees who were subject to federal overtime provisions all promised wages that were or will be due them on their regular weekly payday for each workweek longer than forty hours at one and one-half times their regular rate for any hours worked in excess of 40 in the same workweek, and who:

(a) Performed hours worked in North Carolina driving the smaller and larger vehicles in GNC's mixed fleet as part of the defendant's enterprise described in ¶¶8-16 above for any workweek ending in the two chronological years immediately preceding the date on which this action was filed and continuing thereafter until a court of competent jurisdiction enters final judgment in this action, and

(b) Were, are and/or shall be jointly or severally employed by one or more of the defendants to perform hours worked in North Carolina more than forty (40) hours in the same workweek performing that same delivery driving work when they were paid the same weekly lump sum without regard to the number of hours worked without payment of the promised wages at the rate of time and a half the regular rate for all hours worked over forty in the same workweek for any workweek ending on or after the date falling two years

12

before the date on which this action was filed and ending with the date on which final judgment is entered in this action.

20. On information and belief, the total number of different delivery drivers who are members of the class defined in ¶19 above of this complaint is and will be in excess of 40 persons. Joinder of all class members would be impracticable if not impossible based upon the extreme geographic dispersion of many of the class members many of whom are former employees of the defendants.

21. The questions of law or fact which are common to the members of this class, and which predominate over any other questions affecting the individual members of this class under Rule 23(b)(3), Fed.R.Civ.P., are: (a) Whether the defendants jointly operated the enterprise that is alleged and described in ¶¶8-16 above of this complaint? (b) Whether the defendants jointly and severally employed the named plaintiffs and the class members defined in ¶¶19(a)-(b) above that they seek to represent as part of the enterprise that is described in ¶¶8-16 above? (c) For the work described in ¶¶19(a)-(b) above, did one or more of the defendants make the disclosures pursuant to N.C.Gen.Stat. §§ 95.25.2(16), 95-25.6, 95-25.13(1)-(2), and 13 NCAC §§ 12.0803 and 12.0805(a)-(b) to the named plaintiffs and the members of the class defined in ¶¶19(a)-(b) above that the named plaintiffs seek to represent that are described in ¶19(a)-(b) above; and (d) whether the records of the defendants demonstrate that the named plaintiffs and the putative members of the class defined in ¶19(a)-(b) above performed hours worked in North Carolina in excess of forty (40) hours in the same workweek for which they were not fully paid all wages when

due on their regular weekly payday?

22.     The claim of the named plaintiffs are typical of the claims of the class of persons defined in ¶¶19(a)-(b) above in that the defendants jointly and severally employed them and those class members defined in ¶¶19(a)-(b) above in North Carolina in the enterprise described in ¶¶8-16 above to perform hours worked in excess of 40 hours in the same workweek driving a mixed fleet of smaller vehicles and larger vehicles and failed to pay them and those same putative class members promised wages in the amount that those weekly wages were due on their regular weekly payday at their promised hourly rate of wages at time and a half for each hour or part of an hour(s) worked that the defendants jointly and severally employed the named plaintiffs and those same class members they seek to represent to perform that same driving work when it was for hours worked over 40 hours in a given workweek.

23.     The named plaintiffs will fairly and adequately represent the interests of the class of persons defined in ¶¶19(a)-(b) above of this complaint.   The undersigned counsel for the named plaintiffs is an experienced litigator who has been name counsel for many class actions.

24.     Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class defined in ¶¶19(a)-(b) under Rule 23(b)(3).

25.     A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a)     The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶¶19(a)-(b) above, substantially diminish the interest of members of the class defined in ¶¶19(a)-(b) to individually control the prosecution of separate actions;

(b)     Many members of the class defined in ¶¶19(a)-(b) are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c)     Upon information and belief, there is no pending litigation against the corporate and individual defendant named in this action by the members of the class defined in ¶¶19(a)-(b) above to determine the questions presented, and, upon information and belief, the NCWHA claims alleged in this action have not been the subject of any previous litigation;

(d)     It is desirable that the claims be heard in this forum because the corporate defendants' principal office is located in this district, upon information and belief at least two of the individuals named in ¶12 above reside in this district, and a substantial part of the acts and omissions giving rise to the claim of the plaintiffs arose in this district;

(e)     A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class defined in ¶¶19(a)-(b) above.

VIII.   SECOND RULE 23(b)(3) CLASS (NCWHA §§ 95-25.8 – Illegal Wage Deductions)

15

26.     The named plaintiffs seek to represent a class of persons under Rule 23(b)(3), Fed. R. Civ. P., for back wages and liquidated damages under N.C. Gen. Stat. §§ 95-25.2(16), 95-25.8(a)(2)-(3), 95-25.8(a)-(c), and 95-25.22(a)-(a1), and 13 NCAC §§12.0304(a), 12.0305(a), and 12.0305(g) that consists of the named plaintiffs and all other similarly situated current and/or former persons whom the defendants jointly and severally employed in North Carolina in the defendants' enterprise described in ¶¶8-16 above who were and/or are among the employees described in ¶¶26(a)-(b) below, and who for one or more of the workweeks ending on or after the date falling two years before this action was filed and ending with the date final judgment is entered described in ¶¶26(a)-(b) below:

(a)     suffered one or more weekly wage deductions for unauthorized wage deductions from the total amount of wages they were due on their regular weekly payday for that workweek for what was said to be the cost of providing the employer-required company uniform, and/or

(b)     suffered one or more wage deductions from the total amount of wages they were due on their regular weekly payday for that workweek for the alleged loss or damage to the defendants' property without the advance written notice required to the plaintiffs and the employees they seek to represent and for damage to the defendants' property even though it had been handled carefully and not deliberately destroyed in violation of N.C.Gen.Stat. §§ 95-25.6, 95-25.8(a), and 95-25.8(c).

27.     On information and belief, the class defined in ¶26 above of this complaint consists of in excess of 40 persons.  Joinder of all class members would be impracticable if

not impossible based upon the extreme geographic dispersion of many of the class members many of whom are former employees of the defendants.

28.     The questions of law or fact which are common to the members of this class, and which predominate over any other questions affecting the individual members of this class under Rule 23(b)(3), Fed.R.Civ.P., are: (a) Whether the defendants jointly operated the enterprise that is alleged and described in ¶¶8-16 above of this complaint? (b) Whether the defendants jointly and severally employed the named plaintiffs and the class members defined in ¶¶26(a)-(b) above that they seek to represent as part of the enterprise that is described in ¶¶8-16 above? (c) For the work described in ¶¶26(a)-(b) above, did one or more of the defendants make the wage deductions from the total amount of wages due on their regular weekly payday the named plaintiffs and the employees that they seek to represent that are described in ¶¶26(a)-(b) above in violation of 95-25.2(16), 95-25.8(a)(2)-(3), 95-25.8(b), 95-25.28(c), and 95-25.22, and 13 NCAC §§12.0304(a), 12.0305(a), and 12.0305(g); and (d) whether the records of the defendants demonstrate that the named plaintiffs and the putative members of the class defined in ¶26(a)-(b) above suffered such illegal wage deductions?

29.     The claim of the named plaintiffs are typical of the claims of the class of persons defined in ¶¶26(a)-(b) above in that the defendants jointly and severally employed them and those class members defined in ¶¶26(a)-(b) above in the enterprise described in ¶¶8-16 above to perform actual hours worked that are described in ¶¶19(a)-(b) and 26(a)-(b) above but did not pay them all of their wages when due on their regular weekly payday for

that same workweek's work as based upon the illegal or unauthorized wage deductions that are alleged in ¶¶45(a)-(b) below of this Complaint.

30.    The named plaintiffs will fairly and adequately represent the interests of the class of persons defined in ¶¶26(a)-(b) above of this complaint.   The undersigned counsel for the named plaintiffs is an experienced litigator who has been name counsel for many class actions.

31.    Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class defined in ¶¶26(a)-(b) under Rule 23(b)(3).

32.    A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a)    The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶¶26(a)-(b) above, substantially diminish the interest of members of the class defined in ¶¶26(a)-(b) to individually control the prosecution of separate actions;

(b)    Many members of the class defined in ¶¶26(a)-(b) are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c)    Upon information and belief, there is no pending litigation against the corporate and individual defendant named in this action by the members of the class defined in ¶¶26(a)-(b) above to determine the questions presented, and, upon information and belief, the NCWHA claims alleged in this action have not been the subject of any previous

18

litigation;

(d)     It is desirable that the claims be heard in this forum for the same reasons alleged in ¶25(d) above;

(e)     A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class defined in ¶¶26(a)-(b) above.

IX.     THIRD RULE 23(b)(3) CLASS (SCPWA §§ 41-10-10(2) & 41-10-40(A) and (D))

33.     Named plaintiff Hill seeks to represent a class of persons under Rule 23(b)(3), Fed. R. Civ. P., for back wages and liquidated damages under S.C.Code Ann. §§ 41-10-10(2), 41-10-40(A) and (D), and 41-10-80(C) that consists of the named plaintiff Hill and all other similarly situated current and/or former persons whom the defendants jointly and severally employed in the defendants' enterprise described in ¶¶8-16 above and to whom one or more of the defendants disclosed that they had a policy to pay the wages described in Sections 206 and 802 of the defendants' March 2017 Employee Handbook to named plaintiff Hill and all those employees who were subject to federal overtime provisions on their regular weekly payday all promised wages that were or will be due them for each workweek longer than forty hours at one and one-half times their regular rate for any hours worked in excess of 40 in the same workweek in South Carolina, and who:

(a)     Performed hours worked driving the smaller and larger vehicles in GNC's mixed fleet as part of the defendants' enterprise described in ¶¶8-16 above for any

workweek ending in the three chronological years immediately preceding the date on which this action was filed and continuing thereafter until a court of competent jurisdiction enters final judgment in this action, and

(b)     Were, are and/or shall be jointly or severally employed by one or more of the defendants to perform hours worked in South Carolina more than forty (40) hours in the same workweek performing that same delivery driving work when they were paid on their regular weekly payday the same weekly lump sum without regard to the number of hours worked without payment of the promised wages at the rate of time and a half the regular rate for all hours worked over forty in the same workweek, and

(c)     To whom defendants' failed to pay all amounts at which labor rendered was, is, and will be recompensed which were, are, and will be due on their regular weekly payday to the plaintiff Hill and/or the employees he seeks to represent under the defendants' policy or employment contract that is described in ¶33 above.

34.     On information and belief, the total number of different delivery drivers who are members of the class defined in ¶¶33(a)-(c) above of this complaint is in excess of 40 persons.  Joinder of all class members would be impracticable if not impossible based upon the extreme geographic dispersion of many of the class members many of whom are former employees of the defendants.

35.     The questions of law or fact which are common to the members of this class, and which predominate over any other questions affecting the individual members of this class under Rule 23(b)(3), Fed.R.Civ.P., are: (a) Whether the defendants jointly operated the

enterprise that is alleged and described in ¶¶8-16 above of this complaint? (b) Whether the defendants jointly and severally employed named plaintiff Hill and the class members defined in ¶¶33(a)-(c) above that he seeks to represent as part of the enterprise that is described in ¶¶8-16 above? (c) For the work described in ¶¶33(a)-(c) above, did the defendants have an employer policy or employment contract for and with plaintiff Hill and the employees he seeks to represent that is described in ¶33 above; and (d) whether the records of the defendants demonstrate that the named plaintiff Hill and the putative members of the class defined in ¶33(a)-(c) above performed hours worked in excess of forty (40) hours in the same workweek in South Carolina for which they were not fully paid all wages when due on their regular weekly payday?

36.     The claim of the named plaintiff Hill is typical of the claims of the class of persons defined in ¶¶33(a)-(c) above in that the defendants jointly and severally employed him and those class members defined in ¶¶33(a)-(c) above in South Carolina in the enterprise described in ¶¶8-16 above to perform hours worked in excess of 40 hours in the same workweek driving a mixed fleet of smaller vehicles and larger vehicles and failed to pay them and those same putative class members promised wages on their regular weekly payday in the amount that those weekly wages were due at their promised hourly rate of wages at time and a half for each hour or part of an hour(s) worked that the defendants jointly and severally employed the named plaintiff Hill and those same class members he seeks to represent to perform that same driving work when it was for hours worked over 40 hours in a given workweek.

21

37.     The named plaintiff Hill will fairly and adequately represent the interests of the class of persons defined in ¶¶33(a)-(c) above of this complaint.  The undersigned counsel for the named plaintiff Hill is an experienced litigator who has been name counsel for many class actions.

38.     Counsel for plaintiff Hill is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the members of the class defined in ¶¶33(a)-(c) under Rule 23(b)(3).

39.     A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, *inter alia*:

(a)     The common issues of law and fact, as well as the relatively small size of the individual claims of each member of the class defined in ¶¶33(a)-(c) above substantially diminish the interest of members of the class defined in ¶¶33(a)-(c) to individually control the prosecution of separate actions;

(b)     Many members of the class defined in ¶¶33(a)-(c) are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

(c)     Upon information and belief, there is no pending litigation against the corporate and individual defendant named in this action by the members of the class defined in ¶¶33(a)-(c) above to determine the questions presented, and, upon information and belief, the SCPWA claims alleged in this action have not been the subject of any previous litigation;

(d)     It is desirable that the claims be heard in this forum because the corporate

defendants' principal office is located in this district, upon information and belief at least two of the individual defendants named in ¶12 above reside in this district;

(e)  A class action can be managed without undue difficulty because all defendants regularly committed the violations complained of herein, and were required to and did maintain detailed records concerning each member of the class defined in ¶¶33(a)-(c) above.

X.  <u>FACTUAL ALLEGATIONS</u>

40.  At all times relevant to this complaint, upon information and belief, the individual defendants named in ¶12 above who shared ownership of GNC operated and used GNC without observing any corporate formalities to effect the commercial and personal goals of the one or more individual members of the Cohen family named in ¶12 above.

41.  For varying periods of time after October 1, 2016, as alleged in ¶¶8-16, ¶¶19(a)-(b), 26(a)-(b), and 33(a)-(c) above, defendant Scott A. Cohen and GNC exercised day to day control and supervision over the delivery driving work that the plaintiffs and the members of the collective action defined in ¶¶17-18 above and the members of the classes defined in ¶¶19(a)-(b), 26(a)-(b), and 33(a)-(c) above performed for GNC.

42.  The plaintiffs and the members of the collective action defined in ¶¶17-18 above and the classes defined in ¶¶19(a)-(b), 26(a)-(b), and 33(a)-(c) above were employed by the defendants as described and alleged in ¶¶8-19, 26, and 33 above in and around Cabarrus County, Rowan County, Davison County, Guilford County, and Alamance

County, North Carolina and other counties in North Carolina and South Carolina that are among those listed in 28 U.S.C. §§ 113(a)-(c) and §121. As part of their work for the defendants during many of the pay periods and workweeks during the time periods alleged in ¶¶8-11, 17-19, 26, and 33 above, the defendants suffered or permitted and employed the plaintiffs and the members of that collective action and those class actions to work in excess of forty hours per work week and pay period with the knowledge of the defendants, and made the illegal wage deductions as alleged in ¶45(a)-(b) below.

43. The amount of the wages that the plaintiffs and their similarly situated employee delivery drivers received from the defendants in the form of wages at the time that those wages were due and/or paid at the end of each of those work weeks and/or pay periods described in ¶¶17-18 above of this complaint on their regular payday for the hours of work in excess of forty (40) actually performed in North Carolina and/or South Carolina during each of those work weeks and pay periods during that same time period did not include any overtime premium in addition to the plaintiffs' regular weekly lump sum payment, and were substantially less than that required by the overtime wage provisions set forth in 29 U.S.C. §207(a)(1) for virtually every workweek in not every workweek falling in the time periods alleged in ¶¶8(a)-(b), 9(a)-(c), and 17-18 above.

44. The amount of wages at which the labor rendered by the plaintiffs and the members of the class defined in ¶¶19(a)-(b) above and the class defined in ¶¶33(a)-(c) above were and will be recompensed by the defendants in the form of promised wages at the time that those wages were due and/or paid on their regular weekly payday at the end of

24

each of those workweeks and/or pay periods described in ¶¶19(a)-(b) and 33(a)-(c) above was less than what the defendants disclosed and agreed to pay to the plaintiffs and those same employees in Sections 206 at page 200-1 and Section 802 at page 800-1 of the attached excerpt from the GNC Employee Handbook of March 2017 as part of the defendants' employer policy and employment contract to pay promised wages that they had agreed to pay on their regular weekly payday to the plaintiffs in those same Sections of the attached GNC Employee Handbook.

45.     The amount of promised wages that the plaintiffs and the members of the class defined in ¶¶26(a)-(b) above received from the defendants in the form of wages at the time that those wages were due and/or paid on their regular payday at the end of each of those workweeks and/or pay periods described in ¶¶26(a)-(b) above was less than what the defendants disclosed to the plaintiffs and the members of that class due to:

(a)     The defendants' unauthorized and unlawful wage deductions from their weekly wages in the amount of $8/week for uniforms described in Section 1001 at page 1000-1 for which the plaintiffs and the members of the class defined in ¶¶26 and 26(a) above provided no written authorization signed by the plaintiffs and the members of the class described in ¶¶27 and 27(a) above, and

(b)     The defendants' unauthorized and unlawful wage deductions for breakage of GNC wine products when the defendants had not given the 7-day written notice required N.C.Gen.Stat. § 95-25.8(c) nor had it made any accurate determination that had not been provided to the plaintiffs and the members of that same class in violation of Section 1101

25

when the defendants had not established that the breakage involved had occurred through a particular employee's deliberate destruction of GNC property or through deliberate mishandling of GNC property without reasonable care resulting in the failure to pay wages when due to the plaintiffs and the members of that same class.

46.     Based upon their long experience with the requirements of the FLSA and the NCWHA, long before October 1, 2016, the defendants fully understood their wage payment obligations under the NCWHA and the SCPWA and their obligations to pay wages at the overtime rate required by 29 U.S.C. § 207(a).

47.     As an interstate distributor of wine products with driver employees using its mixed fleet of smaller and larger vehicles to provide that transportation for more than a decade, GNC and the Cohen Defendants were fully aware of the U.S. Congress's June 2008 enactment of the Safe, Accountable, Flexible, Efficient Transportation Equity Act: A Legacy for Users Technical Corrections Act of 2008, Public Law No. 110-244, 122 Stat. 1572 ("TCA"), and the provisions of § 306(a) of the TCA.

47A.   Under the provisions of the law described in ¶47 above, there was and is no bona fide dispute that the plaintiffs and the employees that they seek to represent were and are due payment of wages in the amount that is described in ¶13A above.   .

XI.     <u>FIRST CLAIM FOR RELIEF (FLSA)</u>

48.     Paragraphs 5 through 12, 14-18, 26-32, and 40-47, inclusive, above are realleged and incorporated herein by reference by the plaintiffs Bakari H. Glymph-Dozier and Solomon Hill, and the members of the collective action defined in ¶¶17-18 above

against all defendants, jointly and severally, pursuant to Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

49. The defendants did not keep or maintain any accurate payroll records for hours worked with respect to the defendants' employment of the named plaintiff and the members of the collective action defined in ¶¶17-18 above in the manner and with the information required by 29 U.S.C. §211(c) and the U.S. Department of Labor regulations promulgated under the Fair Labor Standards Act with respect to each of those time periods and workweeks described in ¶¶8-12, and ¶¶14-18 above of this complaint when the named plaintiffs and the members of the collective action defined in ¶¶17-18 above were and will be employed to work in South Carolina and/or North Carolina for substantial time periods in excess of forty (40) hours per work week for which the defendants did not pay them the overtime wage rate required by 29 U.S.C. §207(a)(1).

50. The defendants did not pay all wages due to the named plaintiffs and the collective group of persons defined in ¶¶17-18 above of this complaint that the named plaintiffs seek to represent under 29 U.S.C. §216(b) at the rate required by 29 U.S.C. § 207(a) for the work described in ¶¶8-12, ¶¶14-18, inclusive, and ¶¶40-47, inclusive, above of this Complaint that was and will be a part of the defendants' enterprise that is described in ¶¶8-16 above.

51. As a result of the willful and reckless disregard of the right of the named plaintiffs and the members of the collective action defined in ¶¶17-18 above to payment of wages at the overtime rate required and described in 29 U.S.C. § 207(a), the named

27

plaintiffs and each such collective action member have suffered damages in the form of unpaid wages and liquidated damages that may be recovered under 29 U.S.C. §216(b).

XII.   SECOND CLAIM FOR RELIEF (First NCWHA claim)

52.   Paragraphs 5 through 13, 14-16, 19-25, and 40-47 above are realleged and incorporated herein by reference by the named plaintiffs Bakari H. Glymph-Dozier and Solomon Hill, and the class of employees defined in ¶¶19(a)-(b) above pursuant to N.C.Gen.Stat. §§ 95-25.2(16), 95-25.6, 95-25.13(1)-(2), 95-25.22(a) and (a1), and 13 NCAC §§ 12.0803 and 12.0805(a)-(b).

53.   At pages 200-1 and 800-1 of the Employee Handbook, the defendants disclosed and employed the named plaintiffs and the members of the class defined in ¶¶19(a)-(b) with the promised wages described in Sections 206 and 802 of the defendants' March 2017 Employee Handbook for the named plaintiffs and all of those employees who were, are, and/or will be subject to federal overtime provisions that were to be paid to those named plaintiffs and all of those members of that same class when those wages were due on the regular weekly payday of the named plaintiffs and the employees that they seek to represent at the rate of time and a half for any hours worked over 40 hours in a given workweek for the named plaintiffs and the class defined in ¶¶19(a)-(b) above who were employed and compensated for performing work that the FLSA did not define as delivery drivers exempt from payment of the overtime rate required by the FLSA.

54.   The named plaintiffs and the members of the class defined in ¶¶19(a)-(b) above were and/or will all be employed by the defendants to work for a substantial number

of workweeks in excess of forty (40) hours per workweek for which the defendants compensated them on their regular weekly payday by payment of a lump sum payment without regard to the number of hours worked and without payment of any extra compensation for workweeks in which hours worked exceeded 40 in the same workweek in violation of the agreement described in ¶¶13 and 53 above and N.C.Gen.Stat. § 95-25.6.

55.     As a result of these actions of the defendants, the named plaintiffs and the members of the class defined in ¶¶19(a)-(b) above have suffered damages in the form of the loss of timely paid wages when all of those wages were due on their regular weekly payday, interest on those unpaid, weekly wages from when payment of all of those wages were due on the regular weekly payday of the named plaintiffs and the members of the class defined in ¶¶19(a)-(b) above, and liquidated damages on those unpaid weekly wages when they all were due that may be recovered under N.C.Gen.Stat. §§ 95-25.6, 95-25.22(a), and (a1).

XIII.   THIRD CLAIM FOR RELIEF (Second NCWHA Claim)

56.     Paragraphs 5 through 13, 14-16, 26-32, and 40-47, inclusive, above are realleged and incorporated herein by reference by named plaintiffs Bakari H. Glymph-Dozier and Solomon Hill, and the class of employees defined in ¶¶26(a)-(b) above pursuant to N.C.Gen.Stat. §§ 95-25.2(16), 95-25.6, 95-25.8(a)-(c), 95-25.13(1)-(2), 95-25.22(a) and (a1), and 13 NCAC §§ 12.0304 and 12.0305(a)-(c) and (g).

57.     When the named plaintiffs and the class of employees defined in ¶¶26(a)-(b) above were and/or will be employed by the defendants to perform delivery driving in one or more workweeks that are described in ¶¶26(a)-(b) and 41-42 above, part of the promised

wages that the defendants disclosed to the named plaintiffs and all members of that class as part of GNC's employment practices and policies with regard to promised wages was that the defendants would pay employees like the named plaintiffs and the members of the class defined in ¶¶26(a)-(b) above all wages when due on their regular payday as described in ¶¶13 and 53 above.

58.    As a result of the illegal and unauthorized wage deductions described in ¶¶45(a)-(b) above, the defendants did not pay the named plaintiffs or any member of the class defined in ¶¶26(a)-(b) above all wages when due on their regular payday.

59.    As a result of these actions of the defendants, the named plaintiffs and the members of the class defined in ¶¶26(a)-(b) above have suffered damages in the form of unpaid wages, interest on those unpaid wages, and liquidated damages that may be recovered under N.C.Gen.Stat. §§95-25.22(a) and (a1).

XIV.   FOURTH CLAIM FOR RELIEF (SCPWA claim)

60.    Paragraphs 5 through 12, 13A-16, 33-39, and 40-47, inclusive, above are realleged and incorporated herein by reference by the named plaintiff Solomon Hill, and the class of employees defined in ¶¶33(a)-(c) above pursuant to S.C. Code Ann. §§ 41-10-10(2), 41-10-40(A) and (D), and 41-10-80(C).

61.    In Sections 206 and 802 at pages 200-1 and 800-1 of the attached copy of GNC's March 2017 Employee Handbook, the defendants agreed to pay to named plaintiff Hill and the employees described in ¶¶33(a)-(c) above that he seeks to represent all amounts at which labor rendered was, is, and will be recompensed which were, are or will be due to

plaintiff Hill and those same employees under the employer policy or employment contract that the defendants disclosed in those Sections of the defendants' March 2017 Employee Handbook to named plaintiff Hill and all those same employees who were subject to federal overtime provisions with regard to the wages that were or will be due them for each workweek longer than forty hours at one and one-half times their regular rate for any hours worked in excess of 40 in the same workweek for work they performed in South Carolina.

62.     The named plaintiffs and the members of the class defined in ¶¶33(a)-(c) above and described in ¶61 above were and/or will all employed by the defendants to work for a substantial number of workweeks in excess of forty (40) hours per workweek whom the defendants employed and compensated for performing delivery driving work by a lump sum that did not change from week to week regardless of the number of hours they worked, and were not paid at the rate of time and a half for all hours they worked over 40 hours in a given workweek when those wages were due in violation of S.C. Code Ann. §§ 41-10-10(2) and 41-10-40(A) and (D).

63.     As a result of these actions of the defendants, the named plaintiffs and the members of the class defined in ¶¶33(a)-(c) have suffered damages in the form of unpaid wages, and may recover an amount equal to three times the full amount of unpaid wages when those wages were due that may be recovered under S.C. Code Ann. §§41-10-80(C).

WHEREFORE Plaintiff Bakari H. Glymph-Dozier and Solomon Hill respectfully request that the Court:

(a)     Grant a jury trial on all issues so triable;

31

(b)     Conditionally certify this action as a collective action under the FLSA for the group of employees described in ¶¶17-18 above with both named plaintiffs as the representatives of that collective action;

(c)     Certify this action as a class action under Rule 23(b)(3), Fed.R.Civ.P., with respect to the class of employees described in ¶¶19(a)-(b) above with both named plaintiffs as the representatives of that class action;

(d)     Certify this action as a class action under Rule 23(b)(3), Fed.R.Civ.P., with respect to the class of employees described in ¶¶26(a)-(b) above with both named plaintiffs as the representatives of that class action;

(e)     Certify this action as a class action under Rule 23(b)(3), Fed.R.Civ.P., with respect to the class of employees described in ¶¶33(a)-(c) above with named plaintiff Hill as the representative of that class action;

(f)     Enter judgment against defendants Grapevine of North Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas and Scott A. Cohen, jointly and severally, and in favor of the two named plaintiffs and each member of the collective action defined in ¶¶17-18 above for compensatory damages against those same defendants under the First Claim for Relief (¶¶48-51) in an amount equal to the total of the unpaid overtime wages due the named plaintiffs and each member of that same FLSA collective action under 29 U.S.C. §§ 207 and 216(b) for the work described in paragraphs 5-18, and 40-47 inclusive, above of this complaint, plus an equal additional amount as liquidated damages under 29 U.S.C. Section 216(b);

32

(g)     Enter judgment against defendants Grapevine of North Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas and Scott A. Cohen, jointly and severally, and in favor of the named plaintiffs and each member of the class defined in ¶¶19(a)-(b) above for compensatory damages against those same defendants under the Second Claim for Relief (¶¶52-55) in an amount equal to the total of the underpaid promised wages that the defendants failed to pay to the named plaintiffs and each member of that same NCWHA class action under N.C.Gen.Stat. §§ 95-25.2(16), 95-25.6, 95-25.13(1)-(2), and 95-25.22(a), and 13 NCAC §§ 12.0803 and 12.0805(a)-(b) for the work described in paragraphs 5-16, 19-25, and 40-47 above of this complaint when those wages were due on the regular weekly payday, plus an equal additional amount as liquidated damages under N.C.Gen.Stat. § 95-25.22(a1), plus interest at the legal rate set forth in N.C.Gen.Stat. § 24-1 from the date each amount first came due;

(h)     Enter judgment against defendants Grapevine of North Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas and Scott A. Cohen, jointly and severally, and in favor of the named plaintiffs and each member of the class defined in ¶¶26(a)-(b) above for compensatory damages due the named plaintiffs and each member of that same class against those same defendants under the Third Claim for Relief (¶¶56-59) in an amount equal to the total of the unpaid wages that occurred because of the unauthorized and unlawful wage deductions described in ¶¶45(a)-(b) above in violation of N.C.Gen.Stat. §§ 95-25.6 and 95-25.8(a)-(c) and pursuant to N.C.Gen.Stat. §§95-25.22(a) and 95-25.22(a1) for the work described in paragraphs 5-16, 26-32, and 40-47 above of this complaint, plus

33

an equal additional amount as liquidated damages under N.C.Gen.Stat. § 95-25.22(a1), plus interest at the legal rate set forth in N.C.Gen.Stat. § 24-1 from the date each deducted amount first came due;

(i)     Enter judgment against defendants Grapevine of North Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas and Scott A. Cohen, jointly and severally, and in favor of the named plaintiff Solomon Hill and each member of the class defined in ¶¶33(a)-(c) above for compensatory damages against those same defendants under the Fourth Claim for Relief in an amount equal to three times the full amount of the unpaid wages due the named plaintiffs and each member of that same SCPWA class action under S.C. Code Ann. §§ 41-10-10(2), 41-10-40(A) and (D), and 41-10-80(C) for the work described in paragraphs 8-12, 13A-16, 33-44, and 46-47 above of this complaint;

(j)     Award post judgment interest against defendants Grapevine of North Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas and Scott A. Cohen, jointly and severally, and in favor of the named plaintiffs and each member of the classes defined in ¶¶19(a)-(b) and ¶¶26(a)-(b) above at the highest amount authorized by applicable law on the amount of monetary damages requested in paragraphs (g) through (h) of this Prayer for Relief based upon such date(s) as may be appropriate under applicable law;

(k)     Award against the defendants North Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas and Scott A. Cohen, jointly and severally, and in favor of the named plaintiff and each member of the collective action defined in ¶¶17-18 above and classes defined in ¶¶19(a)-(b), ¶¶26(a)-(b), and 33(a)-(c) certified under the FLSA, the

NCWHA, and the SCPWA their reasonable costs and expenses for bringing this action, including their attorney's fees, and the costs of the FLSA, the NCHWA, and the SCPWA claims by the named plaintiffs and the employees that they seek to represent pursuant to 29 U.S.C. § 216(b), N.C.Gen.Stat. § 95-25.22(d), and S.C. Code Ann. § 41-10-80(C);

      (l)     Award such other relief as may be just and proper in this action.

This the 25th day of September, 2021.

LAW OFFICE OF ROBERT J. WILLIS, P.A.

BY:/s/Robert J. Willis
      Robert J. Willis
      Attorney at Law
      NC Bar #10730
      (mailing address)
      P.O. Box 1828
      Pittsboro, NC   27312
      Tel:(919)821-9031
      Fax:(919)821-1763
      488 Thompson Street
      Pittsboro, NC   27312
      Counsel for Plaintiffs
      rwillis@rjwillis-law.com