IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BAKARI GLYMPH-DOZIER and SOLOMON HILL, on behalf of themselves and all other similarly situated persons, | ) ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:21-CV-748 |
| | ) | |
| GRAPEVINE OF NORTH CAROLINA, INC., d/b/a GRAPEVINE DISTRIBUTORS OF THE CAROLINAS, and SCOTT A. COHEN, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

The plaintiffs, Bakari H. Glymph-Dozier and Solomon Hill, and the defendants,

Grapevine of North Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas and Scott

A. Cohen, have entered into a Final Settlement Agreement and Release to resolve the

plaintiffs' claims. The parties seek preliminary approval of the settlement agreement,

provisional certification for the two Rule 23 settlement classes, and conditional

certification for two FLSA collective actions based on the settlement's terms.

The Court has reviewed the original and revised motions and materials in support,

the original and final settlement agreements,[1] and the supplemental materials. It

conducted a hearing on September 15, 2022, to clarify certain points and has asked for

---

[1] The parties have filed an unsigned copy of the revised settlement agreement, Doc. 39-2, but through counsel promise to sign and file it promptly upon court approval. Doc. 42 at 3.

supplemental clarification as needed.  The supplemental filings, oral representations in open court, and revised agreement adequately address the Court's concerns.  The Court will therefore grant the motions.

The motion for preliminary approval of the settlement, Doc. 27, as revised, Doc. 39, is **GRANTED**.  The motion for provisional certification of the classes and collective action, Doc. 29, as revised, Doc. 41, is also **GRANTED**.  For purposes of this Order, and subject to reconsideration after notice to the Classes and the Collectives, the Court **FINDS** and **ORDERS** that:

1.      Capitalized terms used in this Order have the meanings assigned to them in the Final Settlement Agreement, Doc. 39-2, and this Order.

2.      The Court has jurisdiction over the subject matter, including the claims asserted, Plaintiffs, the members of the proposed Rule 23 Settlement Classes ("Settlement Classes") and proposed FLSA Collectives ("Settlement Collective Actions"), Defendants, and the implementation and administration of the Final Settlement Agreement.

*The Proposed Final Settlement Agreement*

3.      The proposed settlement is within the range of possible approval as a fair, reasonable, and adequate settlement of class claims, and there is probable cause to notify the classes of the proposed settlement.  *See* Fed. R. Civ. P. 23(e)(2); *Sharp Farms v. Speaks*, 917 F.3d 276, 299 (4th Cir. 2019); *Horton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 855 F. Supp. 825, 827 (E.D.N.C. 1994).  Specifically, the Court finds that:

a.  The proposed settlement was negotiated at arm's length, Fed. R. Civ. P. 23(e)(2)(B);

2

b.  The consideration provided to the class members is sufficient, Fed. R.
    Civ. P. 23(e)(2)(C); and

c.  The parties have provided the Court with information sufficient to
    decide whether to give notice to the classes.  Fed. R. Civ. P.
    23(e)(1)(A).

4.  The settlement appears to be a fair and reasonable resolution of a bona fide dispute over FLSA provisions.[2]  *See Duprey v. Scotts Co.*, 30 F. Supp. 3d 404, 407–08 (D. Md. 2014).

5.  Accordingly, the Court will grant preliminary approval to the Final Settlement Agreement, Doc. 39-2.

*Provisional Certification and Appointment of Class Counsel*

6.  The two-year putative FLSA collective action for North Carolina employees, as defined in the Final Settlement Agreement, includes members who are "similarly situated" to Named Plaintiffs Bakari Glymph-Dozier and Solomon Hill.  *See* 29 U.S.C. § 216(b); *Hall v. Higher One Machs., Inc.*, No. 15-CV-670, 2016 WL 5416582, at *4 (E.D.N.C. Sept. 26, 2016).

---

[2] FLSA collective action settlements do not require preliminary approval.  *Bisaccia v. Revel Sys. Inc.*, No. 17-CV-2533, 2019 WL 861425, at *5 n.1 (N.D. Cal. Feb. 22, 2019).  However, courts faced with hybrid actions often consider whether to preliminarily approve the FLSA settlement, subject to consideration at the final fairness hearing.  *See, e.g., id.; see also Shaver v. Gills Eldersburg, Inc.*, No. 14-3977, 2016 WL 1625835, at *2 (D. Md. Apr. 25, 2016).

3

7.      Accordingly, the Court hereby conditionally certifies the following

Settlement Collective Action pursuant to 29 U.S.C. § 216(b) of the FLSA, for settlement

purposes only, in accordance with the terms of the Final Settlement Agreement:

> All employees of Defendant Grapevine who performed hours worked
> of more than forty (40) hours in the same workweek in North Carolina
> (i) when that work included work as a delivery driver, transfer driver,
> driver's helper, loader, and/or mechanic as defined in 29 C.F.R. Part
> 782 in Grapevine's mixed vehicle fleet for any workweek ending in
> the two chronological years preceding September 25, 2021 or (ii) who
> were employed by Grapevine during that same time period and are
> listed in Exhibit A to the Class Notice and/or employees during that
> same time frame who experienced unauthorized wage deductions for
> employer-required company uniforms or alleged breakage of wine
> products.

Doc. 41 at 2.

8.      The two-year putative FLSA collective action for South Carolina

employees, as defined in Final Settlement Agreement, includes members who are

similarly situated to Named Plaintiff Solomon Hill.  *See* 29 U.S.C. § 216(b); *Hall*, 2016

WL 5416582, at *4.

9.      Accordingly, the Court hereby conditionally certifies the following

Settlement Collective Action pursuant to 29 U.S.C. § 216(b) of the FLSA, for settlement

purposes only, in accordance with the terms of the Final Settlement Agreement:

> All employees of Defendant Grapevine who performed hours worked
> of more than forty (40) hours in the same workweek in South Carolina
> (i) when that work included work as a delivery driver, transfer driver,
> driver's helper, loader, and/or mechanic as defined in 29 C.F.R. Part
> 782 in Grapevine's mixed vehicle fleet for any workweek that
> occurred in whole or in part in the time period starting with September
> 25, 2019 and ending with September 25, 2021 or (ii) who were
> employed by Grapevine during that same time period and are listed in
> Exhibit A to the Class Notice.

4

Doc. 41 at 3.

10.     Named Plaintiffs Bakari Glymph-Dozier and Solomon Hill are members of the proposed North Carolina Rule 23 Class, the "NCWHA Class," Doc. 41 at 2, and the members of this proposed class are readily identifiable and ascertainable. *See EQT Prod. Co. v. Adair*, 764 F.3d 347, 358 (4th Cir. 2014) (discussing an "implicit threshold requirement"); *see generally* Fed. R. Civ. P. 23(a).

11.     The proposed NCWHA Class qualifies as a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure as its members have common questions of law and fact that predominate over any questions affecting only individual members and the class is superior to other available methods for fairly and efficiently adjudicating the controversy. This class also satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a).

12.     Named Plaintiff Solomon Hill is also a member of the proposed South Carolina Rule 23 class, the "SCPWA Class," Doc. 41 at 2–3, and the members of this proposed class are readily identifiable and ascertainable. *See EQT Prod. Co*, 764 F.3d at 358; *see generally* Fed. R. Civ. P. 23(a).

13.     The proposed SCPWA Class qualifies as a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure as its members have common questions of law and fact that predominate over any questions affecting only individual members and the class is superior to other available methods for fairly and efficiently adjudicating the controversy. This class also satisfies the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a).

5

14.     The Court has reviewed the Final Settlement Agreement and the record as a fiduciary of the class members and has found no indication of collusive conduct between the parties or any meaningful conflict between or among the class members.

15.     Accordingly, the Court hereby provisionally certifies the following Settlement Classes pursuant to Rule 23 for settlement purposes only in accordance with the terms of the Final Settlement Agreement:

a.     "NCWHA Class," which corresponds to Plaintiffs' NCWHA Rule 23 class claims and completely overlaps with Plaintiffs' FLSA Collective Action for North Carolina employees, means:

> All employees of Defendant Grapevine who performed hours worked of more than forty (40) hours in the same workweek in North Carolina (i) when that work included work as a delivery driver, transfer driver, driver's helper, loader, and/or mechanic as defined in 29 C.F.R. Part 782 in Grapevine's mixed vehicle fleet for any workweek ending in the two chronological years preceding September 25, 2021 or (ii) who were employed by Grapevine during that same time period and are listed in Exhibit A to the Class Notice and/or employees during that same time frame who experienced unauthorized wage deductions for employer-required company uniforms or alleged breakage of wine products.

Doc. 41 at 2.

b.     "SCPWA Class," which corresponds to Plaintiffs' SCPWA Rule 23 class claims, and partially overlaps with Plaintiffs' FLSA Collective Action for South Carolina employees, means:

> All employees of Defendant Grapevine who performed hours worked of more than forty (40) hours in the same workweek in South Carolina (i) when that work included work as a delivery driver, transfer driver, driver's helper, loader, and/or

6

mechanic as defined in 29 C.F.R. Part 782 in Grapevine's mixed vehicle fleet for any workweek ending in the three chronological years preceding September 25, 2021 or (ii) who were employed by Grapevine during that same time period and are listed in Exhibit A to the Class Notice.

Doc. 41 at 2–3.

16.     For the purposes of settlement only, the Court further finds that Plaintiffs' Counsel is adequate to serve as Class Counsel and conditionally **APPOINTS** Robert J. Willis of the Law Office of Robert J. Willis, P.A. and Chris W. Haaf of Chris Haaf Law PLLC as Class Counsel for the Settlement Classes. Any member of the Settlement Classes who does not exclude himself from the settlement class may, but need not, enter an appearance through his or her own attorney. Settlement Class members who do not exclude themselves from the settlement and who do not enter an appearance through their own attorneys will be represented by Class Counsel.

17.     For the purposes of settlement only, the Court further finds that Named Plaintiffs Bakari Glymph-Dozier and Solomon Hill are adequate Class Representatives for the NCWHA Class and that Named Plaintiff Solomon Hill is an adequate Class Representative for the SCPWA Class.

*Notice to Settlement Classes, Opt-In Procedure, and Appointment of Settlement Administrator*

18.     As revised, the Class Notices recently proposed by the parties, Docs. 49-50, clearly advise class members of their options. The Court adopts these attached notices, attached hereto as the Notice to North Carolina Claimants and Notice to South Carolina Claimants, which shall be sent to Class Members and Collective Members. Each Claim

7

Form contains a way for Plaintiffs to certify their employment during the relevant time period and to consent and opt-in to their respective FLSA Collective Actions.

19.     The Court approves of the proposed manner and form of sending Notices to members of the putative settlement Classes set forth in Article VI of the Final Settlement Agreement, Doc. 39-2 at 14–16, and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the parties are directed to ensure that Notices are disseminated according to the terms of the Final Settlement Agreement.

20.     Members of the North Carolina and South Carolina Classes and Collective Actions are authorized to receive the settlement payment listed in Exhibit A only if they timely submit a Claim Form to the Settlement Administrator via U.S. Mail, fax, text, or email so that it is postmarked, if sent by U.S. Mail, or received, if sent by email, text, or fax on or before the date ninety (90) days after the date on which the Settlement Administrator first mails the Notices and Claim Forms to the members of the Settlement Classes and Settlement Collective Actions, along with a legible copy or electronic image of a photo identification or other valid government-issued identification within that same time period, in accordance with the terms of the Final Settlement Agreement. Because the North Carolina Class and North Carolina Collective Action completely overlap, members in North Carolina who sign the Consent to Sue will receive the same recovery as members who do not sign the Consent to Sue, so long as they sign the Certification of Employment and submit a form of identification; North Carolina members are only entitled to the amount listed in Exhibit A. Because the South Carolina Class and Collective Action only partially overlap, members in South Carolina who sign the

8

Certification of Employment and submit a form of identification will receive the amount in Column 1, and, if they also sign the Consent to Sue, they will also receive the amount in Column 2. South Carolina members must sign both the Certification of Employment and the Consent to Sue to receive full recovery. If the Settlement receives final approval, all members of the Settlement Classes and Settlement Collective Actions who fail to comply with these requirements shall be forever barred from receiving any settlement payment pursuant to the Settlement set forth in the Final Settlement Agreement.

21. Before the Final Approval Hearing, the Settlement Administrator shall file a sworn statement attesting to compliance with the Final Settlement Agreement.

*Requests for Exclusion from the Rule 23 Settlement Classes*

22. Members of the Putative Rule 23 Settlement Classes may request exclusion from the Rule 23 Settlement Classes and the Settlement. All written requests by members of the Settlement Classes to exclude themselves from the Settlement must be returned by First-Class U.S. Mail to the Settlement Administrator so that it is postmarked no later than sixty (60) days after the date on which the Settlement Administrator first mails the Notices and Claim Forms to the members of the Putative Settlement Classes. A written request seeking exclusion must expressly state that the class member wishes to be excluded from the Settlement and that the class member understands he will not receive any recovery. The request should state at the top of the letter "Request for Exclusion from Settlement in *Glymph-Dozier, et al. v. Grapevine of North Carolina, Inc., et al.*, No. 1:21-CV-748-CCE," and should include the name, address, telephone number, social security number, and signature of the individual requesting exclusion from the

9

Settlement. To the extent it is necessary to file any of these requests on the public docket, all personal identifying information beyond name, town of residence, and signature shall be redacted.

23.     If the Settlement receives final approval, any member of the Settlement Classes who did not properly and timely request exclusion shall be bound by all the terms and provisions of the Final Settlement Agreement, the final approval order, the final judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement. All members of the Settlement Classes who do not timely file and validly request to be excluded would be enjoined from proceeding against the Defendants for the claims made in the complaint.

24.     All members of the Settlement Classes who submit valid and timely notices of their intent to be excluded from the Settlement Classes: (i) shall not have any rights under the Final Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Final Settlement Agreement, any final approval order, or the final judgment.

*Objections to the Settlement*

25.     Members of the Settlement Classes who have not requested exclusion and wish to object to the settlement must file a written objection with the U.S. District Court for the Middle District of North Carolina setting forth the nature of their objection, and the arguments supporting the objection, and serve copies of the objection on Class

Counsel and Defense Counsel. Any objections must be filed and served no later than sixty (60) days after the date on which the Settlement Administrator first mails the Notices and Claim Forms to the members of the Putative Settlement Classes. If any objection is filed in advance of the Final Approval Hearing, the parties may file a written response to the objection as time permits. Unless otherwise permitted by the Court, objecting Settlement Class Members shall not be entitled to speak at the hearing on the Final Approval Date unless they have timely filed and served a written objection. Any Settlement Class Member who has properly and timely submitted objections may appear at the Final Approval Date hearing, either in person or through a lawyer retained at their own expense. Any Settlement Class Members who fail to file and serve a timely written objection shall be deemed to have waived any objection and shall be foreclosed from objection to this Settlement.

*Approval and Appointment of Settlement Administrator*

26. The Court approves and appoints Robert J. Willis to serve as the Settlement Administrator in accordance with the terms of the Final Settlement Agreement and this Order. The Court **HEREBY ORDERS** and **AUTHORIZES** Robert J. Willis to perform the following administrative duties:

27. <u>Notice:</u> Mr. Willis **SHALL** issue the approved Notices, Claim Forms, and postage pre-paid return envelopes to all members of the Settlement Classes and Settlement Collective Actions, as defined above. To that end, Mr. Willis **SHALL**:

        a. Accept receipt of information regarding the Named and Opt-In Plaintiffs and members of the Settlement Classes and Settlement Collective

11

Actions and shall keep that information confidential in accordance with the terms of the Final Settlement Agreement;

b. Prepare, format, print, and disseminate by First-Class U.S. Mail the Notices and Claim Forms approved by the Court, together with a pre-addressed, postage-paid return envelope, and follow-up with reasonable diligence on any undeliverable Notices and Claim Forms in accordance with the Final Settlement Agreement; and

c. For any mailings that are returned, search appropriate databases for new addresses and resend the Notices and Claim Forms.

28. <u>Collection of forms and requests for exclusion</u>: Mr. Willis **SHALL** collect the Court-approved Claim Forms, which contain a separate Consent to Sue signature line, returned by members of the Settlement Classes and of the Settlement Collective Actions, as well as to collect written requests for exclusion by members of the Rule 23 Settlement Classes. As part of these tasks, Mr. Willis **SHALL**:

a. Take reasonable steps to follow up to obtain signed Claim Forms if any are submitted lacking the necessary signature or other necessary information; and

b. Contact any members of the Putative Rule 23 Settlement Class who timely and properly submit both (i) a written request for exclusion, and (ii) a Claim Form, or objections to the proposed settlement, to inform such individuals that they cannot both request exclusion from the Settlement and submit a Claim Form and/or object to the settlement, to

12

ask such individuals which option they wish to pursue, and to provide
additional copies of the Claim Form upon request.

29.     Reporting:  Mr. Willis **SHALL** regularly report to the parties, in written

form, the substance of the work he performs in this matter pursuant to this Order and the

Final Settlement Agreement in accordance with the Settlement Agreement.  This shall

include informing the parties of the dates Mr. Willis mails the Notices to members of the

Putative Settlement Classes and Collective Actions, the number of Claim Forms received,

and objections or exclusion requests received.

30.     Mr. Willis **SHALL** provide to all counsel for both parties, within 100 days

of the mailing of the Notices of Settlement a declaration from himself or an appropriate

agent or agents working for him, stating under penalty of perjury:  (a) the names and

addresses of all individuals to whom he mailed notice of the proposed settlement; (b)

whether each such individual was a member of a Settlement Collective Action or a

member of a Settlement Class; (c) whether each such individual timely and properly

submitted the required form and identification to receive a Settlement Payment and, if so,

the amount of that payment; and (e) the identity of all individuals who validly and timely

requested exclusion from the settlement.

31.     To allow the parties and the Court to evaluate the work performed by Mr.

Willis in this matter, Mr. Willis **SHALL** maintain records of all activities associated with

its settlement administration duties pursuant to this Order and the Final Settlement

Agreement, including:  (i) records reflecting the dates of all mailings to members of the

Settlement Classes or Settlement Collective Actions; (ii) records reflecting the dates of all

materials and inquiries received in connection with the proposed settlement (whether by U.S. Mail, fax, text, e-mail, or telephone); (iii) the original mailing envelope for any returned Notices, any Claim Forms received, any written requests for exclusion, or any other correspondence received from members of the Settlement Classes, Settlement Collective Actions, or Authorized Claimants; (iv) logs or date-stamped copies showing the dates and times of receipt of Claim Forms received by fax; (v) the original copies of any U.S. Mail, text, fax, or email communications with any members of the Settlement Classes, Settlement Collective Actions, or Authorized Claimants.

32.     Miscellaneous duties:  From the mailing of the Notices, through one-hundred ninety (190) days following the final distribution of funds, Mr. Willis **SHALL** publish and maintain a telephone number suitable for inquiries from members of the Settlement Classes or Settlement Collective Actions regarding the notice and distribution process.

33.     Counsel for all parties have the right to review and approve any documents to be mailed by Mr. Willis in connection with the proposed settlement prior to their mailing or posting, and Mr. Willis may not mail or post any such documents without first receiving written approval from counsel for the parties or direction from the Court to send such documents.

34.     Mr. Willis **SHALL** take reasonable steps to protect the disclosure of any and all personal information concerning members of the Settlement Classes or Settlement Collective Actions provided to Mr. Willis by counsel for the parties, including but not limited to members of the Settlement Classes or Settlement Collective Actions personal

14

information provided pursuant to the Final Settlement Agreement. This includes maintaining reasonable administrative, physical, and technical controls to avoid public disclosure of any such information and to protect the confidentiality, security, integrity, and availability of such personal data.

35. Finally, Mr. Willis **SHALL** perform whatever additional tasks that are agreed to by all parties and which are reasonably necessary to effectuate the issuance of the Court-authorized Notices, to collect and track the Claim Forms submitted by Authorized Claimants, and requests for exclusion from those Settlement Class members who wish to exclude themselves from the proposed settlement, and, if it is later granted final approval, to distribute funds associated with the settlement in accordance with the terms of the Final Settlement Agreement.

*The Final Approval Hearing*

36. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a hearing to determine whether the Final Settlement Agreement and its terms are fair, reasonable, and in the best interests of the members of the Settlement Classes, and whether a final judgment as to Plaintiffs' claims as provided in the Final Settlement Agreement should be entered granting final approval of the Settlement (the "Final Approval Hearing").

37. At the Final Approval Hearing, the Court shall also determine whether, and in what amount, attorneys' fees, costs, and expenses should be awarded to Class Counsel, and whether, and in what amount, service awards should be made to Plaintiffs. Any

motion for attorneys' fees must be filed no later than ten days before the Final Approval
Hearing.

38.     The Final Approval Hearing is scheduled to be held before this Court on
April 20, 2023, at 9:30 a.m. in Courtroom 3 of the United States District Court, 324 W.
Market Street Greensboro, NC 27401.

39.     The date and time of the Final Approval Hearing shall be set forth in the
Notices, but the Final Approval Hearing shall be subject to adjournment or rescheduling
by the Court without further notice to the members of the Settlement Classes or
Settlement Collective Actions other than that which may be posted by the Court.

40.     Only members of the Settlement Classes who have filed and served timely
notices of objections in accordance with the terms of the Final Settlement Agreement and
this Order shall be entitled to be heard at the Final Approval Hearing.  Any member of
the Settlement Classes who does not timely file and serve an objection in writing to the
Settlement Administrator, within sixty (60) days after the mailing date of the Notices of
Settlement, prior to entry of Final Judgment, or to Class Counsel's application for fees,
costs, and expenses or to service awards, in accordance with the procedure set forth in the
Notices and mandated in this Order, shall be deemed to have waived any such objection
by appeal, collateral attack, or otherwise.

*Other Provisions*

41.     Each and every time period and provision of the Final Settlement
Agreement shall be deemed incorporated herein as if expressly set forth and shall have
the full force and effect of an Order of this Court.

16

42.     The costs of settlement administration shall be paid as set forth in the Final Settlement Agreement.

43.     Certification of the Settlement Classes and Settlement Collective Actions is a conditional certification for settlement purposes only.  If the Final Settlement Agreement is terminated pursuant to the terms of the Final Settlement Agreement, or this Court does not grant final approval of the Final Settlement Agreement, or the Settlement is not consummated or fails to become effective for any reason whatsoever, the conditional certification of the Settlement Classes and Settlement Collective Actions shall automatically be cancelled and shall be void, any collectives or class actions certified solely for purposes of the Settlement shall be decertified pursuant to the terms of the Final Settlement Agreement, and the Defendants shall have reserved all of their rights to challenge the propriety of collective action certification or class action certification for any purpose, including opposition to any and all class or collective certification motions, to contest the adequacy of any Plaintiffs as representatives of the Settlement Classes, and to contest the adequacy of Plaintiffs' counsel as adequate Class Counsel.

44.     Plaintiffs reserve all of their rights, including the right to continue with the litigation as set forth in the Final Settlement Agreement, should the Final Settlement Agreement not be finally approved.

45.     In summary, the following schedule applies:

| | |
|---|---|
| December 21, 2022: | Last day for Mr. Willis to mail Class Notices. |
| 60 days after Mr. Willis mails Notices/NLT February 20, 2023: | Last day for Claimants to opt-out or file objections. |

| | |
|---|---|
| 90 days after Mr. Willis mails Notices/NLT March 21, 2023: | Last day for Claimants to submit Claim Forms. |
| 100 days after Mr. Willis mails Notices/NLT March 31, 2023: | Last day for Mr. Willis to serve his declaration. |
| April 10, 2023: | Last day to file motions for attorneys' fees. |
| April 20, 2023: | Final Approval Hearing |

**SO ORDERED** this the 6th day of December, 2022.

UNITED STATES DISTRICT JUDGE

18

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| BAKARI H. GLYMPH-DOZIER and SOLOMON HILL, on behalf of themselves and all other similarly situated persons, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| | ) | CLASS ACTION |
| v. | ) ) | COLLECTIVE ACTION |
| GRAPEVINE OF NORTH CAROLINA, INC. d/b/a GRAPEVINE DISTRIBUTORS OF THE CAROLINAS, and SCOTT A. COHEN, | ) ) ) ) | 29 U.S.C. § 216(b)<br><br>Civil Action No.:<br>1:21-cv-748-CCE-JEP |
| Defendants. | ) ) ) | |

# ATTENTION NORTH CAROLINA EMPLOYEES OF GRAPEVINE

## NOTICE TO CLASS ACTION AND COLLECTIVE CLASS ACTION MEMBERS OF PROPOSED SETTLEMENT WITH DEFENDANTS, DEADLINE FOR OBJECTIONS, AND OPPORTUNITY TO WITHDRAW

This Notice tells you about a class action lawsuit and Settlement of the claims with Grapevine of North Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas and Scott Cohen ("Grapevine" or "Defendants"[1]). You are or may be a member of this combined class and overlapping collective action as described herein. This Notice tells you how your rights may be affected by this lawsuit. **Please read this carefully**.

### 1. Overview

This lawsuit was filed by Bakari H. Glymph-Dozier and Solomon Hill ("Plaintiffs") who have asked for unpaid wages, liquidated damages, and statutory damages from Defendants under U.S. law, North Carolina law, and South Carolina law, on behalf of themselves and two classes of other employees from September 25, 2018, to September 25, 2021. Defendants deny liability. The Court has made no ruling on the merits of Plaintiffs' claims.

---

[1] Grapevine or Defendants also includes the entire Grapevine enterprise including Grapevine Imports, LLC and Grapevine of South Carolina, Inc., and Grapevine of South Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas.

1

On March 9, 2022, the Parties negotiated a Settlement Agreement on behalf of themselves and the Class Members. The Court will decide whether to give final approval to the Settlement Agreement at the Final Fairness and Approval Hearing scheduled for [date].

You are receiving this Notice because records show you may have worked for Grapevine in North Carolina between September 25, 2019, to September 25, 2021, and are or may be a member of the class or collective group of workers who may be entitled to money under the Settlement. You have the right to participate in the Settlement or to opt-out of the Settlement. **If you participate and timely fill out the Claim Form as explained below, you will receive the amount of money specified in Exhibit A attached to this Notice that corresponds to your name. You will receive no money unless you return the Claim Form at the end of this Notice.**

## 2. Class Counsel

The attorneys who represent the class members are called "Class Counsel." You have a right to hire your own attorney who can enter an appearance in this action, but you are not required to do so.

Class Counsel is Robert J. Willis and Chris W. Haaf. Anyone with questions about this lawsuit or Notice may contact Mr. Willis below.

Robert J. Willis
Law Office of Robert J. Willis, P.A.
P.O. Box 1828
Pittsboro, NC 27312
Phone: (919) 821-9031
Text: (919) 591-7752
Facsimile: (919) 821-1763
Email to: ycaceres@rjwillis-law.com

## 3. Information About the Proposed Settlement

The Settlement Agreement has received preliminary approval and must be finally approved by the Court before it can have any legal effect. That hearing is presently scheduled for [date], though it may be rescheduled.

The following is a summary of the proposed Settlement Agreement between Defendants, the named Plaintiffs, all members of the North Carolina Wage and Hour Act ("NCWHA") Class who do not ask to be excluded, all members of the Fair Labor Standards Act ("FLSA") Collective Action who consent to sue, and those listed on exhibit A who are to receive compensation. The full text of the complaint, proposed Settlement Agreement, and other legal documents are on file with the Court and are available for inspection at the office of the Clerk of Court, U.S. Courthouse, 324 West Market Street,

Greensboro, NC 27401. You can also obtain electronic copies of these documents by calling Class Counsel at (919) 821-9031. This Notice only covers the North Carolina settlement; information about the South Carolina settlement is also available from Class Counsel.

## A. Monetary Settlement Terms

If approved by the Court, the Settlement provides that North Carolina employees will receive 100% of two years of unpaid back wages plus 86.42% of liquidated damages for two years, including an amount for unauthorized deductions. The exact amount of your recovery under this Settlement is listed next your name in Exhibit A attached to the end of this Notice. You must fill out and return the North Carolina Claim Form to receive this money.

Upon final approval of the Settlement Agreement, and subject to court approval, Grapevine shall issue additional checks to pay $3,000.00 to each of the two named Plaintiffs, Bakari H. Glymph-Dozier and Solomon Hill. Class counsel have or will request that the Court approve an award of attorneys' fees and reasonable costs from Defendants. You will not be required to pay any fee for services provided by the Class Counsel.

If you are not satisfied with the proposed Settlement Agreement described in this Notice, you may object to its final approval by the Court by following the procedure described below.

## B. Your Options

Your options are summarized in the chart titled "**Summary of Options**" attached to the end of this Notice. If you have questions, contact Class Counsel. This section references the North Carolina Claim Form, which is attached to the end of this Notice. The North Carolina Claim Form has three parts: (1) Contact Information; (2) Certification of Employment; and (3) Consent to Sue.

**To opt-out of the NCWHA Class**, you must inform Class Counsel in writing by letter or postcard. Your letter or postcard must be postmarked <u>no later than 60 days</u> after mailing of this Notice. It (1) must state your name, address, telephone number, and social security number; (2) must state that you do <u>not</u> want to be a member of the NCWHA class action lawsuit, and (3) must be signed by you. The opt-out letter or postcard must be mailed or faxed to Class Counsel at

Robert J. Willis
Law Office of Robert J. Willis, P.A.
P.O. Box 1828
Pittsboro, NC 27312
Facsimile: (919) 821-1763

### C. Release

In exchange for the monetary payments, the two named plaintiffs will sign a broad release of all their claims which is fully set forth in the Release and Settlement Agreement.

In addition, those Grapevine workers who do not opt out as set forth in 3.B, sign and return the Consent to Sue, receive money under the Settlement Agreement, or have money paid to them or on their behalf under the Settlement Agreement will fully release all "Released Claims" which includes, without limitation, all claims relating to the payment or non-payment of wages that are or could have been alleged in this lawsuit and that arose at any time up until the time of the Final Approval. The Released Claims are fully described in the Release and Settlement Agreement.

### D. Payments and Settlement Distribution

Money paid to anyone under the Settlement shall be paid in the form of U.S. checks delivered to Class Counsel who will send the checks by U.S. Mail, first class delivery, postage prepaid, to a secure address in the United States of America that you must provide to Class Counsel when you complete and send the North Carolina Claim Form attached to the end of this Notice within **90 days** of the date of this Notice. The two checks will total the amount in Exhibit A attached to this Notice. One check for 50% of the total amount due to an individual will be paid as W-2 income subject to payroll deductions and withholding and the second 50% will be paid and reported as 1099 income with no payroll deductions or withholding. If you do not timely cash your settlement check within 180 days of its issuance, you are still bound by the release in the Settlement Agreement summarized above and the Settlement otherwise retains its full and binding effect.

### E. Objections

If you are not satisfied with the proposed Settlement Agreement, you may object to its final approval by the Court at the Fairness Hearing. If you wish to present objections at the Final Fairness and Approval Hearing, including objections to the payment of Class Counsel's fees and expenses, **you must first do so in writing**. You may withdraw your objections at any time. The Court may approve the Settlement even if you object.

To be considered, such statement **must be filed with the Court** and served on counsel for the Parties, not later than 60 days after the Settlement Administrator mails this Notice, via First-Class United States Mail, postage prepaid, regardless of whether a subsequent mailing is required, or by such other date as may be ordered by the Court.

The statement must include your name, job title, address, and telephone numbers. The statement must also include all reasons for the objection. You may not present an objection at the Fairness Hearing based on a reason not stated in your written objections. Objections are waived if they are not made in writing by the deadlines in this Notice. The Parties may file with

4

the Court written responses to any filed objections no later than seven days before the Fairness Hearing or by such other deadline as set by the Court.

You may object to final approval of the Settlement by the Court by appearing in person before the Court at the Fairness Hearing to be held at [TIME] on [DATE], Courtroom #3 in the U.S. Courthouse, 324 West Market Street, Greensboro, NC 27401, where a United States District Court Judge will consider the request of the Plaintiffs and Defendants that the terms of the proposed settlement described above be approved by the Court. If you wish to appear at the Fairness Hearing, you must state your intention to do so in writing as part of the objection you file with the Court, and your failure to do so will be deemed a waiver of the right to appear. You may not appear at the Fairness Hearing to present an objection unless you have filed a timely objection that complies with the procedures in this section.

If you have followed the procedure specified in the Class Notice Approved by the Court to validly opt out of the Settlement and become a Non-Participating Class Member, you may not submit objections to the Settlement.


_____
The Honorable Catherine Eagles
United States District Judge


DATE OF THIS NOTICE: _____

**Summary of Options**

| If you: | Then: | You will release the following claims: |
|---|---|---|
| Sign both the Certification and the Consent to Sue | You will receive checks totaling the amount listed by your name in Exhibit A. | State claims under NCWHA<br><br>Federal claims under FLSA |
| Sign the Certification but do not sign the Consent to Sue | You will receive checks totaling the amount listed by your name in Exhibit A. | State claims under NCWHA<br><br>If you later file an FLSA action for this time period, any recovery will be reduced by the amount received for settlement of the NCWHA claim |
| Do nothing | You will receive no money from the settlement. | State claims under NCWHA<br><br>If you later file an FLSA action for this time period, any recovery will be reduced by the amount received for settlement of the NCWHA claim |
| Sign and return the Consent to Sue and do not submit opt out request | You will receive checks totaling the amount listed by your name in Exhibit A. | State claims under NCWHA<br><br>Federal Claims under FLSA |
| Submit an opt-out request and do not return the Claim Form | You will receive no money from the settlement. | You will not release any claims |

6

| Submit an opt-out request and sign and return the Consent to Sue | You will receive checks totaling the amount listed by your name in Exhibit A. | Federal claims under FLSA

If you later file an NCWHA action for this time period, any recovery will be reduced by the amount received for settlement of the FLSA claim |
|---|---|---|

## PLAINTIFFS' EXHIBIT A (NC)

| | | | | |
|---|---|---|---|---|
| 1 | Alford | Travone Jaron | NC | $5,905.53 |
| 2 | Davis | Troy C | NC | $148.04 |
| 3 | Blackman | Bernard F | NC | $0.00 |
| 4 | Billman | Tyler Robert | NC | $6.21 |
| 5 | McCauley | Markies Lee | NC | $0.00 |
| 6 | Morrison | William Jeremy | NC | $15.81 |
| 7 | Davis | Terry | NC | $0.00 |
| 8 | Gray | Clayton Lavon | NC | $16.16 |
| 9 | Livengood | Cody James | NC | $0.00 |
| 10 | Hill | Jerry Dean | NC | $0.00 |
| 11 | Fonville | Deven Jemel | NC | $220.16 |
| 12 | Rucker | Vee L | NC | $119.01 |
| 13 | Grier | Mason Storm | NC | $70.58 |
| 14 | Harrison | Kevin Julius | NC | $14.91 |
| 15 | Hubbard | Duncan Lafoy | NC | $1,102.99 |
| 16 | Blask | Alexander Quinn | NC | $410.81 |
| 17 | Glymph-Dozier | Bakari Hasani | NC | $424.32 ($3,000.00) |
| 18 | Tanner | Bernard Elton | NC | $1,117.20 |
| 19 | Gales | Troy Wendell | NC | $213.12 |
| 20 | Johnson | Dereck K | NC | $763.61 |
| 21 | Jones | Rachel Danyielle | NC | $2,940.14 |
| 22 | Holmes | Jeremy William | NC | $1,238.59 |
| 23 | Footman | Reginald Tyrone | NC | $354.53 |

8

| | | | | |
|---|---|---|---|---|
| 24 | McNeill | Bernard Vernon | NC | $172.64 |
| 25 | Owensby | Barry Lee | NC | $117.31 |
| 26 | Teague | Christopher | NC | $14.91 |
| 27 | Race | Turner Lansdon | NC | $0.00 |
| 28 | White | Toddrick Anthony | NC | $208.04 |
| 29 | Foster | Antonio M | NC | $1,168.93 |
| 30 | Kempf | Michael Robert | NC | $863.67 |
| 31 | Heath | Denzel LeAnder | NC | $0.00 |
| 32 | Wells | Shawntel Dupree | NC | $0.00 |
| 33 | Dozier | James Lee | NC | $4,645.21 |
| 34 | Morgan | Jeffrey Lynn | NC | $1,916.57 |
| 35 | White | David O'Neil | NC | $0.00 |
| 36 | Hoyt Jr | Robert Thomas | NC | $0.00 |
| 37 | Worth | Alvester F | NC | $0.00 |
| 38 | Boulware | Darian | NC | $0.00 |
| 39 | Bartholow | Edward Lee | NC | $1,855.33 |
| 40 | Beam-Berryman Jr | Phillip L | NC | $293.31 |
| 41 | O'Faire | Joe | NC | $0.00 |
| 42 | Bryant | Deshawn | NC | $745.24 |
| 43 | Coffey | Billy Joe | NC | $6,007.35 |
| 44 | Conner | Gordon S | NC | $5,874.13 |
| 45 | Cowan | Rakeem D | NC | $0.00 |
| 46 | Early | Justin J | NC | $13,857.94 |
| 47 | Lane | Joshua A | NC | $30.44 |
| 48 | Lilly | Leon Derek | NC | $3,938.83 |
| 49 | Pritchett | Aaron | NC | $316.91 |
| 50 | Wise | Crashendo J | NC | $485.36 |
| 85 | Miller | Rayburn Kevin | NC | n/a |
| 86 | Shelton | Timothy T | NC | $639.83 |
| 87 | Andrews | Cordero Jarrod | NC | $2,850.12 |

9

| | | | | |
|---|---|---|---|---|
| 88 | Cole | Benjamin P | NC | $556.63 |
| 89 | Scharr | Joseph Matthew | NC | $0.00 |
| 90 | Cannon | Ke Andre Romell | NC | $498.47 |
| 91 | Phelps | Joshua Phillip | NC | $0.00 |
| 92 | Daughtry | Michael Daitrown | NC | $2,272.33 |
| 93 | McLaughlin | Rakeen Jamell | NC | $42.37 |
| 94 | Robinson | Joel Gilbert | NC | $5,962.27 |
| 95 | Norris | Dominique Tremain | NC | $160.88 |
| 96 | Smith | Quincy Levon | NC | $506.88 |
| 98 | Walton | Christopher Ryan | NC | $700.16 |
| 101 | Kane | Patrick Earl | NC | $8,957.05 |
| 102 | Gaddy | Jewel M | NC | $387.96 |

**NOTE:**

The amount listed above includes 100% of the back wages owed to each employee for the time period from September 25, 2019, through September 25, 2021 (two years) and 86.42% of the liquidated damages (i.e. double damages) owed to him or her for that same time period. North Carolina employees will receive both their back wages and liquidated damages by timely and properly submitting the North Carolina Claim Form, as explained in the Notice.

Please note that the NCWHA Class Action and the overlapping FLSA Collective Action are identical with respect to the amount of money that you can recover. You are entitled to only one recovery for either or both of those claims. (This single recovery is set forth above). Because of the completely overlapping nature of the FLSA and NCWHA claims, you will receive only one payment even if you do not ask to be excluded from the NCWHA class action, and that is the amount set forth above. There is no double recovery, and the most money you will receive is the amount set forth above.

# NORTH CAROLINA CLAIM FORM
## For Grapevine North Carolina Employees

If you want to recover money through this settlement, you <u>MUST</u> fill out this form, provide a copy of acceptable identification, sign the Certification, and send it to Class Counsel.

Full name:_____

Your Current Cellphone, Home, and Work Phone Numbers:_____
_____

Your Social Security Number: _____

Your Current Mailing Address: _____

## CERTIFICATION OF EMPLOYMENT

I hereby certify that I was employed by Grapevine in North Carolina sometime during the period between September 25, 2019, to September 25, 2021.

_____          _____
Signature                                                          Date

## CONSENT TO SUE

I, _____, hereby consent to be a party to and to participate in this lawsuit under 29 U.S.C. § 216(b) for my FLSA collective action claim for the time period of my employment by Grapevine in North Carolina from September 25, 2019 through September 25, 2021 that is specified above under 29 U.S.C. § 216(b) in the lawsuit titled as *Bakari Glymph-Dozier, et al. v. Grapevine of North Carolina, Inc., et al.*, Civil Action No.1:21-CV-748-CCE-JEP to assert my right to the lawful wage required by the Fair Labor Standards Act.

_____          _____
Signature                                                          Date

Email, text, mail, or fax this Claim Form with a
legible copy of your **driver's license, state-issued identification card, or passport** to:

**Law Office of Robert J. Willis, P.A.,**
**P.O. Box 1828**
**Pittsboro, NC 27312**
**Text: (919) 591-7752**
**Facsimile: (919) 821-1763**
**Email to: ycaceres@rjwillis-law.com**

11

**<u>CHANGE OF ADDRESS</u>**
**Glymph-Dozier, et al., v. Grapevine, 1:21-CV-00748-CCE**

If at any time before you receive a check your address or other contact information changes, provide your new information here and send it to Mr. Willis.

Full name: _____

New Cellphone, Home, and/or Work Phone Numbers: _____

New Mailing Address: _____

Email, text, mail, or fax this form to:

**Law Office of Robert J. Willis, P.A.,**
**P.O. Box 1828**
**Pittsboro, NC 27312**
**Text: (919) 591-7752**
**Facsimile: (919) 821-1763**
**Email to: ycaceres@rjwillis-law.com**

12

**NCWHA Class and FLSA Collective Action Definition**

All employees of Defendant Grapevine who performed hours worked of more than forty (40) hours in the same workweek in North Carolina (i) when that work included work as a delivery driver, transfer driver, driver's helper, loader, and/or mechanic as defined in 29 C.F.R. Part 782 in Grapevine's mixed vehicle fleet for any workweek ending in the two chronological years preceding September 25, 2021, or (ii) who were employed by Grapevine during that same time period and are listed in Exhibit A to the Class Notice and/or employees during that same time frame who experienced unauthorized wage deductions for employer-required company uniforms or alleged breakage of wine products.

13

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BAKARI H. GLYMPH-DOZIER and SOLOMON HILL, on behalf of themselves and all other similarly situated persons, | ) ) ) ) |
| Plaintiffs, | ) ) CLASS ACTION |
| v. | ) ) COLLECTIVE ACTION |
| GRAPEVINE OF NORTH CAROLINA, INC. d/b/a GRAPEVINE DISTRIBUTORS OF THE CAROLINAS, and SCOTT A. COHEN, | ) 29 U.S.C. § 216(b) ) ) Civil Action No.: |
| Defendants. | ) 1:21-cv-748-CCE-JEP ) ) |

## ATTENTION SOUTH CAROLINA EMPLOYEES OF GRAPEVINE

### NOTICE TO CLASS ACTION AND COLLECTIVE CLASS ACTION MEMBERS OF PROPOSED SETTLEMENT WITH DEFENDANTS, DEADLINE FOR OBJECTIONS, AND OPPORTUNITY TO WITHDRAW

This Notice tells you about a class action lawsuit and Settlement of the claims with Grapevine of North Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas and Scott Cohen ("Grapevine" or "Defendants"[1]). You are or may be a member of this combined class and overlapping collective action as described herein. This Notice tells you how your rights may be affected by this lawsuit. **Please read this carefully**.

### 1. Overview

This lawsuit was filed by Bakari H. Glymph-Dozier and Solomon Hill ("Plaintiffs") who have asked for unpaid wages, liquidated damages, and statutory damages from Defendants under U.S. law, North Carolina law, and South Carolina law, on behalf of themselves and two classes of other employees from September 25, 2018, to September 25, 2021. Defendants deny liability. The Court has made no ruling on the

---

[1] Grapevine or Defendants also includes the entire Grapevine enterprise including Grapevine Imports, LLC and Grapevine of South Carolina, Inc., and Grapevine of South Carolina, Inc. d/b/a Grapevine Distributors of the Carolinas.

1

merits of Plaintiffs' claims.

On March 9, 2022, the Parties negotiated a Settlement Agreement on behalf of themselves and the Class Members. The Court will decide whether to give final approval to the Settlement Agreement at the Final Fairness and Approval Hearing scheduled for [date].

You are receiving this Notice because records show you may have worked for Grapevine in South Carolina between September 25, 2018, to September 25, 2021, and are or may be a member of the class or collective group of workers who may be entitled to money under the Settlement. You have the right to participate in the Settlement or to opt-out of the Settlement. **If you participate and timely fill out the Claim Form as explained below, you will receive the amount of money specified in Column 1 and/or Column 2 of Exhibit A attached to this Notice that corresponds to your name. You will receive no money unless you return the Claim Form at the end of this Notice.**

## 2. Class Counsel

The attorneys who represent the class members are called "Class Counsel." You have a right to hire your own attorney who can enter an appearance in this action, but you are not required to do so.

Class Counsel is Robert J. Willis and Chris W. Haaf. Anyone with questions about this lawsuit or Notice may contact Mr. Willis below.

Robert J. Willis
Law Office of Robert J. Willis, P.A.
P.O. Box 1828
Pittsboro, NC 27312
Phone: (919) 821-9031
Text: (919) 591-7752
Facsimile: (919) 821-1763
Email to: ycaceres@rjwillis-law.com

## 3. Information About the Proposed Settlement

The Settlement Agreement has received preliminary approval and must be finally approved by the Court before it can have any legal effect. That hearing is presently scheduled for [date], though it may be rescheduled.

The following is a summary of the proposed Settlement Agreement between Defendants, the named Plaintiffs, all members of the South Carolina Wage and Hour

2

Act ("SCPWA") Class who do not ask to be excluded, all members of the Fair Labor Standards Act ("FLSA") Collective Action who consent to sue, and those listed on exhibit A who are to receive compensation. The full text of the complaint, proposed Settlement Agreement, and other legal documents are on file with the Court and are available for inspection at the office of the Clerk of Court, U.S. Courthouse, 324 West Market Street, Greensboro, NC 27401. You can also obtain electronic copies of these documents by calling Class Counsel at (919) 821-9031. This Notice only covers the South Carolina settlement; information about the North Carolina settlement is also available from Class Counsel.

## A. Monetary Settlement Terms

If approved by the Court, the Settlement provides that South Carolina employees will receive 100% of three years of unpaid back wages plus 86.42% of liquidated damages for two years. The exact amount of your recovery under this Settlement is listed next your name in Column 1 and/or Column 2 of Exhibit A attached to the end of this Notice. Column 1 lists your unpaid back wages and Column 2 lists your liquidated damages. You must fill out and return the South Carolina Claim Form to receive this money.

Upon final approval of the Settlement Agreement, and subject to court approval, Grapevine shall issue additional checks to pay $3,000.00 to each of the two named Plaintiffs, Bakari H. Glymph-Dozier and Solomon Hill. Class counsel have or will request that the Court approve an award of attorneys' fees and reasonable costs from Defendants. You will not be required to pay any fee for services provided by the Class Counsel.

If you are not satisfied with the proposed Settlement Agreement described in this Notice, you may object to its final approval by the Court by following the procedure described below.

## B. Your Options

Your options are summarized in the chart titled "**Summary of Options**" attached to the end of this Notice. If you have questions, contact Class Counsel. This section references the South Carolina Claim Form, which is attached to the end of this Notice. The South Carolina Claim Form has three parts: (1) Contact Information; (2) Certification of Employment; and (3) Consent to Sue.

**To opt-out of the SCPWA Class**, you must inform Class Counsel in writing by letter or postcard. Your letter or postcard must be postmarked no later than 60 days after mailing of this Notice. It (1) must state your name, address, telephone number, and social security number; (2) must state that you do not want to be a member of the

3

SCPWA class action lawsuit, and (3) must be signed by you. The opt-out letter or postcard must be mailed or faxed to Class Counsel at

Robert J. Willis
Law Office of Robert J. Willis, P.A.
P.O. Box 1828
Pittsboro, NC 27312
Facsimile: (919) 821-1763

### C. Release

In exchange for the monetary payments, the two named plaintiffs will sign a broad release of all their claims which is fully set forth in the Release and Settlement Agreement.

In addition, those Grapevine workers who do not opt out as set forth in 3.B, sign and return the Consent to Sue, receive money under the Settlement Agreement, or have money paid to them or on their behalf under the Settlement Agreement will fully release all "Released Claims" which includes, without limitation, all claims relating to the payment or non-payment of wages that are or could have been alleged in this lawsuit and that arose at any time up until the time of the Final Approval. The Released Claims are fully described in the Release and Settlement Agreement.

### D. Payments and Settlement Distribution

Money paid to anyone under the Settlement shall be paid in the form of U.S. checks delivered to Class Counsel who will send the checks by U.S. Mail, first class delivery, postage prepaid, to a secure address in the United States of America that you must provide to Class Counsel when you complete and send the South Carolina Claim Form attached to the end of this Notice within **90 days** of the date of this Notice. The two checks will total the amount in Column 1 and/or Column 2 on Exhibit A attached to this Notice. One check for 50% of the total amount due to an individual will be paid as W-2 income subject to payroll deductions and withholding and the second 50% will be paid and reported as 1099 income with no payroll deductions or withholding. If you do not timely cash your settlement check within 180 days of its issuance, you are still bound by the release in the Settlement Agreement summarized above and the Settlement otherwise retains its full and binding effect.

### E. Objections

If you are not satisfied with the proposed Settlement Agreement, you may object to its final approval by the Court at the Fairness Hearing. If you wish to present objections at the Final Fairness and Approval Hearing, including objections to the

4

payment of Class Counsel's fees and expenses, **you must first do so in writing**. You may withdraw your objections at any time. The Court may approve the Settlement even if you object.

To be considered, such statement **must be filed with the Court** and served on counsel for the Parties, not later than 60 days after the Settlement Administrator mails this Notice, via First-Class United States Mail, postage prepaid, regardless of whether a subsequent mailing is required, or by such other date as may be ordered by the Court.

The statement must include your name, job title, address, and telephone numbers. The statement must also include all reasons for the objection. You may not present an objection at the Fairness Hearing based on a reason not stated in your written objections. Objections are waived if they are not made in writing by the deadlines in this Notice. The Parties may file with the Court written responses to any filed objections no later than seven days before the Fairness Hearing or by such other deadline as set by the Court.

You may object to final approval of the Settlement by the Court by appearing in person before the Court at the Fairness Hearing to be held at [TIME] on [DATE], Courtroom #3 in the U.S. Courthouse, 324 West Market Street, Greensboro, NC 27401, where a United States District Court Judge will consider the request of the Plaintiffs and Defendants that the terms of the proposed settlement described above be approved by the Court. If you wish to appear at the Fairness Hearing, you must state your intention to do so in writing as part of the objection you file with the Court, and your failure to do so will be deemed a waiver of the right to appear. You may not appear at the Fairness Hearing to present an objection unless you have filed a timely objection that complies with the procedures in this section.

If you have followed the procedure specified in the Class Notice Approved by the Court to validly opt out of the Settlement and become a Non-Participating Class Member, you may not submit objections to the Settlement.

_____

The Honorable Catherine Eagles United States District Judge

DATE OF THIS NOTICE: _____

5

## Summary of Options

| If you: | Then: | You will release the following claims: |
|---|---|---|
| Sign both the Certification and the Consent to Sue | You will receive checks totaling the amount listed by your name in Column 1 and Column 2. | State claims under SCPWA<br><br>Federal claims under FLSA |
| Sign the Certification but do not sign the Consent to Sue | You will receive checks totaling the amount listed by your name in Column 1. | State claims under SCPWA<br><br>If you later file an FLSA action for this time period, any recovery will be reduced by the amount received for settlement of the SCPWA claim |
| Do nothing | You will receive no money from the settlement. | State claims under SCPWA<br><br>If you later file an FLSA action for this time period, any recovery will be reduced by the amount received for settlement of the SCPWA claim |
| Sign and return the Consent to Sue and do not submit opt out request | You will receive checks totaling the amount listed by your name in Column 2. | State claims under SCPWA<br><br>Federal Claims under FLSA |
| Submit an opt-out request and do not return the Claim Form | You will receive no money from the settlement. | You will not release any claims |
| Submit an opt-out request and sign and return the Consent to Sue | You will receive checks totaling the amount listed by your name in Column 2. | Federal claims under FLSA<br><br>If you later file an SCPWA action for this time period, any recovery will be reduced by the amount received for settlement of the FLSA claim |

6

**PLAINTIFFS' EXHIBIT A (SC)**

| | | | | Column 1 | Column 2 |
|---|---|---|---|---|---|
| 51 | Brooks | Manchester J | SC | $167.93 | $145.13 |
| 52 | Hoey | Terris James | SC | $1,239.87 | $1,071.50 |
| 53 | Knight | Tyler William | SC | $1,395.34 | $1,016.33 |
| 54 | Rhuback | Tyler James | SC | $2,000.23 | $1,083.73 |
| 55 | Roberts | Walter James | SC | $625.56 | $540.61 |
| 56 | Watley | Jordan | SC | $375.33 | $324.36 |
| 57 | Boneparte jr | Sammie Lewis | SC | $83.30 | $71.99 |
| 58 | Maxwell | James | SC | $47.39 | $0.00 |
| 59 | Crane | Alfred | SC | $264.73 | $0.00 |
| 60 | Shirey | Joseph | SC | $236.86 | $0.00 |
| 61 | Hiclanan | Michael | SC | $67.94 | $0.00 |
| 62 | Smith | Shaquavis Mdd | SC | $101.38 | $0.00 |
| 63 | Evans-Gabah | Meocha | SC | $109.42 | $0.00 |
| 64 | Grice | Ramel Tyshawn | SC | $45.46 | $0.00 |
| 65 | Hayward | Robe1t Dale | SC | $338.16 | $0.00 |
| 66 | Adams | Derrick | SC | $96.72 | $0.00 |
| 67 | Defreitas | Alexander Shawn | SC | $205.32 | $0.00 |
| 68 | Davis | Eddie James | SC | $124.38 | $0.00 |
| 69 | Goodwin | Gary Allen | SC | $113.61 | $0.00 |
| 70 | Ellis | Frazier Ali | SC | $0.00 | $0.00 |
| 71 | Pittman | Joseph | SC | $0.00 | $0.00 |
| 72 | Williams | Andrews Willie Rene | SC | $626.91 | $56.41 |
| 73 | Marvin | Montel | SC | $133.32 | $115.22 |
| 74 | Knigge | Rossinelle IanR | SC | $339.53 | $293.42 |
| 75 | Ravenell | Antonio James | SC | $167.52 | $144.77 |

7

| | | | | | |
|---|---|---|---|---|---|
| 76 | Lloyd | Antwan Dwayne | SC | $466.01 | $147.39 |
| 77 | Nelson | MatthewP | SC | $169.82 | $146.76 |
| 78 | Weaver | Matthew E | SC | $218.62 | $188.93 |
| 79 | McGill | James Lamonte | SC | $0.00 | $0.00 |
| 80 | Faison | Rodney | SC | $0.00 | $0.00 |
| 81 | Peterson | Karell Jerrad | SC | $1,615.18 | $488.07 |
| 82 | Chaplin | Natron-asheed Lee | SC | $68.04 | $58.80 |
| 83 | Hill | Solomon | NC/SC | $375.56 ($3,000.00) | $608.71 |
| 84 | Yon | Charles Henry | SC | $348.66 | $0.00 |
| 99 | Thomsen | Beth Ann | SC | $31.86 | $27.53 |
| 100 | Van Fleet | Paulette | SC | $292.45 | $252.74 |

**NOTE:**

Column 1 above includes 100% of the back wages owed to each employee for the time period from September 25, 2018, through September 25, 2021 (three years). Column 2 above includes 86.42% of the liquidated damages (i.e. double damages) owed to them for the time period from September 25, 2019, through September 25, 2021 (two years).

South Carolina employees must opt in to the FLSA Collective Action by timely and properly submitting a Consent to Sue that is set forth in the South Carolina Claim, as explained in the Notice, to receive liquidated damages.

8

# SOUTH CAROLINA CLAIM FORM
## For Grapevine South Carolina Employees

If you want to recover money through this settlement, you <u>MUST</u> fill out this form, provide a copy of acceptable identification, sign the Certification, and send it to Class Counsel.

Full name:..............................................................................................................................................

Your Current Cellphone, Home, and Work Phone Numbers:_____

_____

Your Social Security Number: _____

Your Current Mailing Address: _____

## CERTIFICATION OF EMPLOYMENT

I hereby certify that I was employed by Grapevine in South Carolina sometime during the period between September 25, 2018, to September 25, 2021.

_____     _____
             Signature                                              Date

## CONSENT TO SUE

I, _____ ___, hereby consent to be a party to and to participate in this lawsuit under 29 U.S.C. § 216(b) for my FLSA collective action claim for the time period of my employment by Grapevine in South Carolina from September 25, 2019 through September 25, 2021 that is specified above under 29 U.S.C. § 216(b) in the lawsuit titled as *Bakari Glymph-Dozier, et al. v. Grapevine of North Carolina, Inc., et al.,* Civil Action No.1:21-CV-748-CCE-JEP to assert my right to the lawful wage required by the Fair Labor Standards Act.

_____     _____
             Signature                                              Date

**Email, text, mail, or fax this Claim Form with a**
**legible copy of your driver's license, state-issued identification card, or passport to:**

Law Office of Robert J. Willis, P.A.,
P.O. Box 1828
Pittsboro, NC 27312
Text: (919) 591-7752
Facsimile: (919) 821-1763
Email to: ycaceres@rjwillis-law.com

9

## **CHANGE OF ADDRESS**
### **Glymph-Dozier, et al., v. Grapevine, 1:21-CV-00748-CCE**

If at any time before you receive a check your address or other contact information changes, provide your new information here and send it to Mr. Willis.

Full name: ......................................................................................................................................................

New Cellphone, Home, and/or Work Phone Numbers: _____

New Mailing Address: _____


**Email, text, mail, or fax this form to:**

Law Office of Robert J. Willis, P.A.,
P.O. Box 1828
Pittsboro, NC 27312
Text: (919) 591-7752
Facsimile: (919) 821-1763
Email to: ycaceres@rjwillis-law.com

10

## SCPWA Class Definition

All employees of Defendant Grapevine who performed hours worked of more than forty (40) hours in the same workweek in South Carolina (i) when that work included work as a delively driver, transfer driver, driver's helper, loader, and/or mechanic as defined in 29 C.F.R. Part 782 in Grapevine's mixed vehicle fleet for any workweek ending in the three chronological years preceding September 25, 2021 or (ii) who were employed by Grapevine during that same time period and are listed in Exhibit A to the Class Notice.

## FLSA Collective Action Definition

All employees of Defendant Grapevine who performed hours worked of more than forty (40) hours in the same workweek in South Carolina (i) when that work included work as a delivery driver, transfer driver, driver's helper, loader, and/or mechanic as defined in 29 C.F.R. Part 782 in Grapevine's mixed vehicle fleet for any workweek that occurred in whole or in part in the time period starting with September 25, 2019 and ending with September 25, 2021 or (ii) who were employed by Grapevine during that same time period and are listed in Exhibit A to the Class Notice.

11